[Civ. No. 1478.   First Appellate District.—April 21, 1915.]

EDWIN SCHWAB, Respondent, v. HENRY S. BRIDGE, Appellant.

CONTRACT—SURETYSHIP—RULE OF CONSTRUCTION.—A contract of suretyship is to be construed the same as other contracts for the purpose of determining the intention of the parties, and to ascertain this intent resort is first had to the contract itself, and if the intention of the parties is doubtful under the terms of the instrument resort may be had to the surrounding circumstances to determine its meaning.

ID.—CONDITIONAL GUARANTY OF ACCOUNT—PRESENTATION AND DEMAND WITHIN STATED TIME.—A contract guaranteeing an account to a stated amount "provided the amount may be due and presented" to the guarantor by a specified date, is a conditional guaranty dependent upon presentation and demand being made within the time

limited within the proviso, and when the demand is not made until after the time specified no liability accrues upon the contract.

ID.—CONDITIONS PRECEDENT—CONSTRUCTION.—While it is true that conditions precedent are not favored and are to be strictly construed against one seeking to avail himself of them, it is equally true that parties to a contract may, if they think proper, agree that any matter shall be a condition precedent; and if words are used in the contract so precise, express, and strong that such intention only is compatible with the terms employed, a court can only give effect to such declared intention of the parties.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a motion for a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Thomas E. Haven, and Haven & Athearn, for Appellant.

Morrison, Cope & Brobeck, Morrison, Dunne & Brobeck, and R. L. McWilliams, for Respondent.

KERRIGAN, J.—This is an action to recover upon a guaranty. The circumstances under which the contract was entered into are as follows: W. W. Foote, Jr., had inherited certain sums of money from the estate of his father, which money was held in trust and was to become due on December 7, 1905. While so held W. W. Foote assigned the funds to the defendant Henry S. Bridge, defendant herein, as security for advances made and to be made by Bridge to Foote. The Pacific Central Electric Co., of which Foote was the principal stockholder, became indebted to the John M. Klein Electric Co., and to secure this indebtedness Foote requested Bridge to guarantee the account. In pursuance of this request Bridge signed the following guaranty:

"I will guarantee the account of Pacific Central Electric Company to the amount of $1,500—provided the amount may be due and presented to me by December 3, 1905. This guaranty in place of a former one of $1,000—in other words, my guaranty is not to exceed $1,500."

("Signed)    HENRY S. BRIDGE."

A considerable portion of the indebtedness for which the guaranty was given was not paid; and on October 31, 1907, the contract of guaranty was assigned to Edwin Schwab,

who brought this action to recover judgment for the sum of one thousand five hundred dollars, with interest from the fourth day of December, 1905.

In defense of the action it was the claim of defendant in the court below that the contract of guaranty sued upon was a conditional one, dependent upon presentation of a demand, and that such presentation and demand be made within the time limited in the proviso of the guaranty; and further, that the time of performance being part of a condition precedent, time was of the essence of the guaranty; and as the demand was not made until after the time specified no liability accrued upon the contract.

Plaintiff, on the other hand, insisted that not only was the proviso relied upon as a defense not made a condition precedent by its terms, but that the time therein set forth was not made expressly of the essence of the contract, nor was it to be implied therefrom.

The trial court, while finding that no statement of the account was presented until December 29, 1905, determined that was not the intention of the parties to the guaranty that the proviso should be a condition precedent to the liability of the guarantor, and that such proviso was not a condition precedent; and further that it was not the intention of the parties that time was to be of the essence of the contract, and that time was not of its essence. Judgment was accordingly rendered in favor of the plaintiff for the sum of $1435.55, interest, and costs.

The main question therefore presented by this appeal is the interpretation of the guaranty executed by the defendant.

A contract of suretyship is to be construed the same as other contracts for the purpose of determining the intention of the parties. To ascertain this intent resort is first had to the contract itself; and if the intention of the parties is doubtful under the terms of the instrument resort may be had to the surrounding circumstances to determine its meaning. Here the words employed are in themselves express and precise and clearly support the contention of the defendant, that presentation of the account due and within the time specified was intended as a condition precedent. The language of the proviso expressly declares that liability will accrue provided the amount may be due and presented December 3, 1905. Where a contract of suretyship stipulates that notice shall be given

to the surety of the principal's default, failure to comply with
the condition or to give notice within the time specified will
prevent recovery from the surety (*United States Fidelity &
G. Co.* v. *Rice,* 148 Fed. 206, [78 C. C. A. 164] ; 32 Cyc. 176,
and cases cited). While it is true that conditions precedent
are not favored by the law, and are to be strictly construed
against one seeking to avail himself of them (*Antonelli* v.
*Kennedy & Shaw Lumber Co.,* 140 Cal. 309–315, [73 Pac.
966] ), it is equally true that parties to a contract may, if they
think proper, agree that any matter shall be a condition pre-
cedent; and if words are used in the contract so precise, ex-
press, and strong that such intention only is compatible with
the terms employed, a court can only give effect to such de-
clared intention of the parties. The only question in every
case is whether such intention is so declared; and where such
intention is sufficiently expressed to make the fulfillment of
the act a condition precedent, it will be one; (2 Elliott on
Contracts, sec. 1580; *National Surety Co.* v. *Long,* 125 Fed.
887, [60 C. C. A. 623] ). While, as before stated, the inten-
tion of the parties to this contract is sufficiently expressed in
the instrument itself, the facts and circumstances surrounding
its execution, if considered, strengthen the conclusion reached.
The fund that Bridge was to receive became due on the sev-
enth day of December; and it is apparent that Bridge in-
tended that he should be notified of the amount due by pre-
sentation to him before that time in order that he might pro-
tect himself by retaining in his settlement with Foote suffi-
cient funds to meet any liability that had accrued under his
guaranty. In contracts of this character, where the terms
employed are clear and certain, and there is nothing to show
a contrary intention, the liability of a surety cannot be ex-
tended by implication beyond the terms of his contract (*Lon-
don & San Francisco Bank* v. *Parrott,* 125 Cal. 472, [73 Am
St. Rep. 64, 58 Pac. 164] ).

The contention of plaintiff that the time therein set forth
in the proviso is not expressly made of the essence of the con-
tract is without merit. Concluding, as we do, that it was the
intention of the parties to make presentation of the amount a
condition precedent, time of necessity becomes of the very
essence of the contract, it being the essential part of the pro-
viso itself.

The further claim that the conduct and language of the defendant show that he did not consider the requirement as a condition precedent, and that if he had ever so considered it he waived its fulfillment, is equally untenable. The statements relied upon in no way constitute a waiver. They consist of evasive answers to demands of payment made upon him under the guaranty and subsequent to the time specified for the performance of the condition precedent, and do not show any condition of facts inconsistent with the intention of defendant to rely upon the condition. Besides this, no waiver was pleaded. (*Aronson* v. *Frankfort etc. Ins. Co.*, 9 Cal. App. 473, 479, [99 Pac. 537].)

For the reasons given the judgment and order are reversed.

Lennon, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 21, 1915.