[Civ. No. 5362.   Second Appellate District, Division One.—March 6, 1929.]

H. LEE ZIMMERMAN, Appellant, v. FRANK BOYD et al., Respondents.

Clifford Crail for Appellant.

No appearance for Respondents.

HOUSER, J.—Plaintiff brought an action in claim and delivery against defendants Frank Boyd and M. E. Gibson. The complaint contained such allegations only as are cus-

tomary or usual in such an action. The defendants demurred to the complaint on the sole ground of its uncertainty. They also answered the complaint and in the same instrument set up a cross-complaint. Neither of such pleadings contained any averment of fact other than such as related to the ownership, or the possession, or the right to the possession, of the property which was the subject of the action. Thereafter, on motion presented by defendant Boyd only, which was "based upon the documents, records and files of the action above entitled, and upon the affidavit of Frank Boyd," the trial court "ordered, adjudged and decreed" that the action be dismissed; that plaintiff "return all property taken from the defendant"; that the demurrer to the complaint be sustained; and that defendant recover his costs, but "no damages by reason of the taking of this property." On the same day on which the hearing on the motion occurred, plaintiff caused dismissal to be entered of the action as to defendant Gibson.

On the hearing of said motion and in support thereof it appears that each of the parties to the action was "sworn and examined." The appeal herein is from said "order" or judgment.

So far as is here material, the affidavit of defendant Boyd was as follows:

"That prior hereto he executed and delivered a chattel mortgage indebtedness to one M. E. Gibson, for $1200 or thereabouts, and that M. E. Gibson borrowed $500 of plaintiff and in evidence thereof made and delivered her written obligation to the plaintiff to repay for such loan the sum of $600 as principal, with interest thereon, and that the actual rate of interest charged by plaintiff on account of said loan exceeded 7% per annum and was not 'clearly' or otherwise expressed in writing as required by section 1 of the Usury Law;

"That under the terms of the said chattel mortgage so executed, as aforesaid, by this defendant, plaintiff herein has brought the action above entitled and seized upon various and sundry personal property, including the following, to-wit: (describing same).

"And that the basis of the action brought by the plaintiff on the action above entitled was, and is, a usurious transaction and one in violation of and prohibited by the Usury Law of the state of California."

From such affidavit it may be surmised that the transaction among the parties to the action in effect was that as security for an indebtedness amounting to approximately $1,200, owing by Boyd to Gibson, the former gave the latter a chattel mortgage covering certain personal property; that Gibson borrowed $500 from Zimmerman, evidenced by her note for $600, "with interest thereon," and secured same by the chattel mortgage theretofore given to her by Boyd. It also may be conjectured that in some manner the obligation was breached and that thereupon, in accordance with the provisions contained in the chattel mortgage, Zimmerman commenced an action in claim and delivery. It may be inferred that the basis of the said motion made by defendant Boyd, which included a proposition to dismiss the action, was that, as between Zimmerman and Gibson, the transaction was usurious.

It will be remembered that the answer of the defendants to the complaint contained no allegation by which usury was set up as a defense. The first and only appearance of even a suggestion of usury in the transaction occurs in the affidavit of Boyd presented by him in his notice of motion to dismiss the action, etc. Waiving any and all questions with reference to the regularity of, or the authority for, the procedure which was followed in the matter, it is clear that Boyd, not being a party to the alleged usurious transaction, was in nowise concerned with it and was in no position to take advantage of any of its assumed infirmities. The principle of law governing the situation is approvingly quoted in the case of *Matthews* v. *Ormerd,* 140 Cal. 578, 582 [74 Pac. 136, 138], as follows: "It has been a long and uniformly established law, that one not a party to an usurious contract. may not, for this cause, invalidate it. The reason is extremely obvious. The law of usury was made to prevent oppression, and to rescue the party oppressed; but it never was intended for the benefit of those who are not and cannot be injured by an usurious transaction. It falls within that class of statutes in which, although a contract is declared to be utterly void, it is voidable only at the election of the oppressed party." In 39 Cyc. 999, 1062, 1082, where authorities are cited, the rule is said to be that the defense of usury is purely personal to the borrower, or to those in privity with him.

In the case of *Willcox* v. *Edwards*, 162 Cal. 455, 462 [Ann. Cas. 1913C, 1392, 123 Pac. 276], it is said: "The defense of usury must be made affirmatively in some recognized mode, or it is waived. (22 Ency. Pl. & Pr., pp. 421, 422.) The usurious contract, although said by the statute to be 'void,' is held to be only voidable at the election of the payer, and money paid thereunder cannot be recovered."

In the instant case, it becomes apparent that even assuming the transaction as between Zimmerman and Gibson was "usurious," that fact afforded no defense to the action so far as Boyd was concerned, and consequently furnished no ground or authority for the dismissal of the action as to him —upon which the "order" or judgment herein was predicated.

It becomes unnecessary to consider other assignments of error suggested by the appellant.

The judgment is reversed.

Conrey, P. J., and York, J., concurred.