[Civ. No. 26266.   Second Dist., Div. Four.   Nov. 27, 1962.]

HARRY SOSIN et al., Plaintiffs and Respondents, v. H. J. RICHARDSON, Defendant and Appellant.

260

William P. Camusi for Defendant and Appellant.

Harold Lee Henrikson for Plaintiffs and Respondents.

BURKE, P. J.—Plaintiffs, Harry Sosin and Beatrice Sosin, lenders, sued defendant H. J. Richardson, a loan broker, for specific performance or damages for breach of contract arising out of defendant's agreement to purchase certain real property. Defendant's agreement was made in the nature of a qualified guarantee of the repayment of the loan. Plaintiffs allege that they performed all the conditions precedent to defendant's obligation under the agreement except in one particular which they assert was waived by defendant. Defendant claims that the conditions were not performed and therefore his duty to perform never arose.

. While plaintiffs were on a trip to Europe in the spring of 1958, Sidney J. Roberts (Roberts), Mrs. Sosin's brother and plaintiffs' business agent, acting under a power of attorney from plaintiffs, arranged for plaintiffs to loan $7,500 to Mr. and Mrs. Theodore Kovach (Kovach).

Kovach offered to give plaintiffs as security for the loan a second deed of trust on his residence in Van Nuys (Parcel A), assignment of his interest in a land sale contract on property on Riverside Drive, Los Angeles (Parcel B), and a first deed of trust on some vacant land in Riverside County (Parcel C).

Roberts told Kovach he was too busy to go look at the property, that he had no idea what it might be worth, but that if defendant would submit a letter of guarantee to Roberts' clients, a loan could be arranged. Roberts had dealt with defendant as head of Richardson Mortgage Company on 10 or

15 previous real estate loans. Kovach acted as an associate or appraiser for defendant in his loan business.

On June 27, 1958, Kovach delivered to Roberts a letter repurchase agreement which had been prepared and executed by defendant. The agreement was addressed to plaintiffs and recited that it was given in consideration for loaning $7,500 to Kovach secured by property, enumerated and described therein, designated here as Parcels A, B and C. The agreement further provided:

"That in the event the . . . loan should become in default, and should you thereafter institute and consumate [*sic*] a foreclosure action resulting in your acquisition of the underlying real property; then, in such event, [defendant] will at any time within 90 days of such acquisition by you, purchase the properties acquired on the following basis:

"A. PRICE: To be equal to the total unpaid principal balance, plus accured interest, plus all foreclosure costs and/or advances made pursuant to your loan.

"B. TERMS: Cash in full.

"C. MANNER OF HANDLING REPURCHASE: Ten (10) days notice in advance to be given of an intent to require said real property to be repurchased whereafter the undersigned will be required to deposit the full purchase price in cash in an escrow at a responsible bank or other fiduciary agency with instructions to deliver same to you upon delivery to the escrow of a deed to the subject properties."

For three or four months after the close of the loan escrow, Kovach made payments on account of the note and then fell into default. On January 12, 1959, the holder of the prior deed of trust on Parcel A recorded notice of default and election to sell under deed of trust. Roberts having filed a request for notice of default on behalf of plaintiffs, received such notice from the title company. Roberts thereupon contacted defendant's office and talked to Kovach who said he would cure the default. After numerous discussions between Roberts and defendant, Roberts was told to commence foreclosure proceedings on the trust deeds on Parcels A and C. When Roberts asked defendant what was to be done about the land contract with respect to Parcel B defendant told Roberts not to do anything about Parcel B, that defendant would take care of it.

Arrangements were made with Consolidated Escrow Company to foreclose the plaintiff's second trust deed on Parcel A

and the first trust deed on Parcel C. Roberts advanced the funds to the holder of the first trust deed on Parcel A to cure the default under the prior deed of trust and prevent a sale thereunder. In May 1959 Consolidated Escrow Company inquired of Roberts as to the division of the plaintiffs' demand as between Parcels A and C. Roberts showed the inquiry to defendant who told him to allocate $750 to Parcel C and the balance of the demand to Parcel A. Pursuant to a request of Roberts that defendant put this direction in writing, defendant furnished a letter dated May 20, 1959, setting forth the sale allocation. Roberts continued to ask defendant about Parcel B and defendant told him that they couldn't establish a value for that parcel so they would just hold off on it until they could determine what they would do.

The foreclosure was consummated with respect to plaintiffs' deeds of trust on Parcels A and C and plaintiffs acquired title to those parcels in June 1959. On July 9, 1959, within 90 days after the acquisition, plaintiffs gave written notice to defendant that the properties had been acquired and demanded defendant's performance under the repurchase agreement.

In January 1960 defendant was attempting to arrange another loan through Roberts on the security of real property owned by a corporation of which defendant was the sole stockholder. Roberts insisted that defendant had to do something about his obligation to the plaintiffs. The loan was made and out of the proceeds defendant paid $1,000 toward his debt to the plaintiffs under an agreement that if they thereafter sold Parcel A and if they took back a second deed of trust in the transaction defendant would be given a $1,000 interest in that second deed of trust.

Defendant took no further action to comply with plaintiffs' demand for performance of the repurchase agreement. Plaintiffs brought this action seeking specific performance of the contract, or in the alternative, damages for its breach.

The trial court held that plaintiffs were not entitled to specific performance since the remedy at law (damages) was adequate. The court awarded damages to plaintiffs in an amount representing the difference at the date of breach between the fair market value of the real property acquired by plaintiffs and the aggregate of the encumbrances, unpaid principal, accrued interest, costs and advances to the date of breach.

In reaching its judgment for plaintiffs the trial court made findings of fact pertinent to this appeal as follows:

"1. The proper interpretation of the writing of June 27, 1958 (Exhibit 'A' to plaintiffs' complaint) is as contended by plaintiffs. The writing is ambiguous. Defendant prepared the writing. He knew that Kovach had no interest in Parcel 'B' other than as a purchaser under a conditional sales contract. He knew that plaintiffs understood said writing to authorize them to accept as security for the loan whatever interest Kovach had in Parcels 'A', 'B' and 'C'. He did nothing to inform them that his understanding of the writing differed from theirs. It was the intent of the parties that whatever interest Kovach had in Parcel 'A', 'B' and 'C' would be security for the loan; and that, if foreclosure became necessary, defendant was to purchase the parcels foreclosed.

"2. It is not a condition precedent to defendant's obligation that plaintiffs acquire Parcel 'B' and tender defendant a deed to said real property. If any such condition precedent ever existed, defendant waived the condition.

"3. The security provided by Parcel 'B' is worthless.

". . . . . . . . . . . . . .

"5. Plaintiffs have performed according to the intent of the parties to the agreement; defendant has broken his contract; legal damages have resulted.

"11. The parties made no agreement that plaintiffs would acquire Parcel 'B', subject only to a first deed of trust."

On appeal defendant contends that the letter repurchase agreement is not ambiguous, and it expressly requires that plaintiffs tender a deed to all three parcels before defendant is under obligation to repurchase. Defendant argues that plaintiffs' failure to even tender an assignment of a valid contract to purchase Parcel B is further evidence of plaintiffs' failure to perform the condition precedent. Defendant also claims that there is no evidence of waiver by defendant of the condition precedent nor is there any other excuse for plaintiffs' failure to tender Parcel B because of any alleged worthlessness of Parcel B.

Lastly, defendant argues that in any event the judgment includes usurious interest and the judgment should be modified to exclude all interest charges.

All of defendant's contentions on appeal, except as to the usury question, relate to one primary issue and a subissue. Was defendant's duty to perform under the repurchase agreement subject to a condition precedent—the acquisition

of all three parcels of real property securing the loan? If such a condition precedent existed, was it excused by waiver?

■ A condition precedent is an act which must be performed or an uncertain event which must happen before the promisor's duty of performance arises. (Civ. Code, §§ 1434, 1436; Rest., Contracts, § 250.) ■ Express conditions are stated in the contract and are determined by the intention of the parties as disclosed by the agreement. *(Schwab v. Bridge,* 27 Cal.App. 204, 207 [149 P. 603].) ■ Provisions of a contract will not be construed as conditions precedent in the absence of language plainly requiring such construction. *(Larson v. Thoresen,* 116 Cal.App.2d 790, 794 [254 P.2d 656].)

■ In the repurchase agreement in the instant case defendant expressly made his promise to purchase the real property conditional upon occurrence of two events—default of the loan and acquisition by plaintiffs of the real property by foreclosure. The words used in the agreement were ". . . in the event [of] . . . default and . . . acquisition of the . . . real property; then, in such event [defendant promised to repurchase]. . . ." These are clearly words of condition. There can be no doubt that the parties intended that defendant's duty of performance would arise only in the event the loan became in default and plaintiffs acquired the properties. These were clear conditions precedent.

■ Ordinarily a plaintiff cannot recover under a contract without alleging and proving performance or waiver of performance of conditions precedent. (Civ. Code, § 1439; *Roseleaf Corp.* v. *Radis,* 122 Cal.App.2d 196, 206 [264 P.2d 964].) Having determined in the instant case that defendant's duty to perform was subject to a condition precedent, the next point of inquiry is to ascertain whether the condition has been performed or waived in whole or in part.

■ A condition is waived when a promisor by his words or conduct justifies the promisee in believing that a conditional promise will be performed despite the failure to perform the condition, and the promisee relies upon the promisor's manifestations to his substantial detriment. (See *Noel* v. *Dumont Builders, Inc.,* 178 Cal.App.2d 691, 696-697 [3 Cal.Rptr. 220]; Rest., Contracts, § 297; Corbin on Contracts (1 vol. ed.) §§ 752-753; Williston on Contracts (3d ed.) § 689.)

■ A portion of the condition precedent to defendant's duty to perform was the acquisition by plaintiffs of Parcel B.

We affirm the trial court in its holding that such portion of the condition precedent was waived by defendant. Defendant by both words and conduct repeatedly manifested an intention to plaintiffs that defendant would not require Parcel B to be included with Parcels A and C in the foreclosure and repurchase transactions. By a written instrument defendant directed that plaintiffs' demand be allocated $750 to Parcel C and the balance to Parcel A. By implication the exclusion of Parcel B from the allocation appears to be a clear expression of intent on defendant's part that such parcel was henceforth not to form a part of the security for the loan and would not be resorted to in meeting plaintiffs' demand. From these words and acts of defendant, plaintiffs were justified in believing that Parcel B was no longer part of the condition precedent. Plaintiffs changed their position to their detriment by acquiescing in the apparent waiver and not seeking to acquire Parcel B.

Because plaintiffs met the unwaived condition precedent of the repurchase agreement by acquiring Parcels A and C, defendant's duty of performance was no longer dependent but became independent. Failure of defendant to perform within ninety days of plaintiffs' demand constituted a breach of contract for which plaintiffs are entitled to damages.

Defendant's charge of usury is based upon the fact that the $7,500 loan to Kovach carried an interest rate of 10 per cent per annum. In addition a fee of $375 was paid to Roberts for his services in negotiating the loan for plaintiffs.

Defendant's assertion of the defense of usury in this action is inappropriate for reasons stated by the trial court in its memorandum in signing findings and judgment as follows:

"With regard to the defense of usury. This was an action for specific performance or damages for breach of contract, the court awarding damages. It was *not* an action to enforce a usurious note, either against the maker or a guarantor of the note. The defendant refused to guarantee the note. Rather he entered into a contract, predicated upon an independent consideration, to purchase certain property upon the happening of a certain event. The obligation sued upon does not guarantee anything. The parties may have used that term in certain correspondence and conversation, but it was plainly understood that such description was not used in the sense defendant was a commercial guarantor of the Kovach note."

The defense of usury is personal to the borrower, and one who is not a party to the usurious contract may not attack it. (*Zimmerman* v. *Boyd*, 97 Cal.App. 406, 408 [275 P. 509].) It is true that where a promisosry note is given for a usurious loan, the vice of usury may be asserted by the guarantor of the note as well as by the maker. (*Martin* v. *Ajax Construction Co.*, 124 Cal.App.2d 425, 431 [269 P.2d 132].) However, a guarantor may not avail himself of the defense of usury where his guaranty is independent of the original transaction and is either based upon new consideration or amounts to a novation. (*Commercial Credit Co.* v. *Semon*, 33 F.2d 356.)

In the instant case the trial court properly characterized the repurchase agreement as being "prodicated upon an independent consideration" and the defendant as not being a "commercial guarantor of the Kovach note."

The law of usury was never intended for the benefit of those who are not and cannot be injured by the usurious transaction. The contract is voidable only at the election of the oppressed party. (*Matthews* v. *Ormerd*, 140 Cal. 578, 581-582 [74 P. 136].)

The judgment is affirmed.

Jefferson, J., and Ford, J.,* concurred.

A petition for a rehearing was denied December 26, 1962, and appellant's petition for a hearing by the Supreme Court was denied January 23, 1963.

---

*Assigned by Chairman of Judicial Council.