[Civ. No. 23979.   First Dist., Div. Two.   Nov. 22, 1967.]

ORVAN M. BERRY, Defendant and Respondent, v. CECIL A. KETTLE et al., Defendants and Appellants.

Fitzgerald, Rattigan & Von Der Mehden, John D. Fitzgerald and Hotle & McConnell and William H. McConnell for Defendants and Appellants.

Charles M. Giovanetti for Defendant and Respondent.

TAYLOR, J.—This is an appeal by the buyers from a judgment granting a part of a condemnation award to the seller. The sole question is whether, pursuant to the agreement of the parties, the seller was entitled to receive a portion of the award after the property was taken by right of eminent domain.

The facts are stipulated. On October 5, 1961, respondent Berry,[1] the seller, executed an agreement for the conveyance of certain real property, including a 92-acre parcel and certain options on other parcels, to appellants Kettle and Anderson, the buyers, for the assumption of the balance due on a note secured by a deed of trust on the property, and a stated sum to be paid 30, 60 and 120 days after execution of the agreement.

By paragraphs 3 and 3a, the buyers further agreed to pay as additional consideration the sum of $600 per acre for development work done by the seller on the 92-acre parcel and the parcels of land subject to the options, said sum to be paid at such time or times as the buyers recorded a final subdivision map.

Thereafter, plaintiff, Mark West Union School District, hereafter District (which is not a party to this appeal), condemned a 10-acre parcel described in one of the options transferred pursuant to paragraph 3 of the agreement between the seller and the buyers. Performance of all parties was completed, as provided by the agreement, except for the transfer of bare legal title (which was tied into the condemnation proceedings) and the payment of $600 an acre for the 10 acres condemned by the District.

After conclusion of the condemnation proceedings, the court ordered that $6,000 of the total of $45,000 awarded to

---

[1] The original sellers named in the agreement were Orvan M. Berry and his wife Ellen E. Berry; the Carrington interests were transferred to Berry who is the only respondent.

the buyers should be paid to the seller pursuant to paragraph 3a of the agreement. On this appeal from that order, the buyers contend that their obligation to pay the additional consideration was extinguished since the condition precedent for the payment thereof, i.e., the filing of a subdivision map, was made impossible by the eminent domain proceedings.

Paragraph 3 of the agreement (set forth below, so far as pertinent)[2] clearly appears to call for the payment of $600 per acre as additional consideration for the development work done by the seller on the property taken by the District. As stated by the trial court in its excellent brief memorandum opinion, the agreement was prepared by lawyers, not laymen. No conditional language (i.e., "subject to," "if," etc.) was used in paragraph 3. It merely indicated that the payment of the additional consideration was to be postponed until the subdivision map was filed. ■ Provisions of a contract will not be construed as conditions precedent in the absence of language plainly requiring such construction (*Sosin* v. *Richardson*, 210 Cal.App.2d 258, 264 [26 Cal.Rptr. 610]). ■ Since the buyers' obligation to pay the additional consideration was absolute and the future event did not occur as contemplated, the law will require payment within a reasonable time (*Nikolaus* v. *Howe*, 122 Cal.App.2d 422 [265 P.2d 99]).

The stipulation of facts indicates that performance here was completed, except for the payment of the additional consideration. Thus, the engineering and survey services performed for the seller with respect to the 10 acres in question were transferred as provided by paragraph 4[3] of the

[2] "3. In addition to the consideration set forth in paragraph 2 hereof, BUYERS agree to pay to SELLERS as additional consideration for the purchase of said real property and options to purchase, the sum of $600.00 per acre for the development work done by the SELLERS on a parcel of land approximately 92 acres, more particularly described in Exhibit 'A' attached hereto, and ALSO parcels of land upon which SELLERS are transferring options to BUYERS.

"Said sum shall be paid as follows:

"a) BUYERS agree to pay to SELLERS at such time or times as they record a final subdivision map thereon in an amount equal to $600.00 per acre. In the event all or a portion of said real property is sold to a third party, the obligation of said additional consideration shall be assumed by said third party, and said obligation shall run with said real property and be binding upon all of the future owners of said real property."

[3] "4. SELLERS agree to assign and transfer to BUYERS all engineering and survey services and studies, including maps, drawings, field work, etc., performed for SELLERS by the firm of Mowbry & Possarino in connection with the real properties hereinabove referred to."

agreement and the buyers had assumed the note and acquired all of the incidents of ownership of the property except the bare legal title, the transfer of which had been tied into the completion of the condemnation proceedings. Since the seller's performance was completed, the doctrine of commercial frustration cannot apply (*Lloyd* v. *Murphy*, 25 Cal.2d 48 [153 P.2d 47]). Section 1662, subdivision (b) of the Civil Code specifically provides that when the subject matter of a contract is taken by eminent domain, after transfer of either legal title or possession, the purchaser is not relieved from a duty to pay the price.

The court properly interpreted the agreement to pay the additional consideration as an absolute obligation to be performed within a reasonable time. The condemnation award having properly included the subdivision work done by the seller and transferred to the buyers, any other result would be grossly inequitable (Code Civ. Proc., § 1248; *People* ex. rel. *Dept. of Public Works* v. *Silveira*, 236 Cal.App.2d 604 [46 Cal.Rptr. 260]; *City of Oakland* v. *Partridge*, 214 Cal.App.2d 196 [29 Cal.Rptr. 388]; *Buena Park School Dist.*, v. *Metrim Corp.*, 176 Cal.App.2d 255 [1 Cal.Rptr. 250]).

Affirmed.

Shoemaker, P. J., and Agee, J., concurred.