PACIFIC MUTUAL LIFE INSURANCE COMPANY, Plaintiff-Appellee,

v.

AMERICAN GUARANTY LIFE INSURANCE COMPANY, Defendant-Appellant.

No. 83–5706.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 1983.

Decided Jan. 5, 1984.

---

Martha G. Bannerman, Adams, Duque & Hazeltine, Los Angeles, Cal., for plaintiff-appellee.

Lane J. Ashley, Sedgwick, Detert, Moran & Arnold, Los Angeles, Cal., for defendant-appellant.

Before GOODWIN and ANDERSON, Circuit Judges, and KING, District Judge.*

* The Honorable Samuel P. King, Chief Judge, United States District Court, District of Hawaii, sitting by designation.

J. BLAINE ANDERSON, Circuit Judge:

American Guaranty Life Insurance Company appeals the granting of Pacific Mutual Life Insurance Company's motion for summary judgment. The district court, finding no genuine issue as to any material fact, construed relevant provisions of the *California Insurance Code* to permit a prior carrier of group medical coverage to terminate an extension of benefits to a totally disabled insured when replacement insurance becomes effective, shifting responsibility for payment of benefits to the replacement insurer. We affirm.

## I. BACKGROUND

On October 14, 1977, Pacific Mutual Life Insurance Company (Pacific Mutual) provided medical expense benefits to the eligible employees of Petrocon Engineering Company (Petrocon) pursuant to Pacific Mutual's Group Policy No. GQ–14049. Subsequently, American Guaranty Mutual Life Insurance Company (American Guaranty) agreed with Petrocon to provide group medical benefits upon termination of the Pacific policy. This replacement coverage, pursuant to American Guaranty's Group Policy No. TG–418, became effective on January 1, 1981.

In May of 1980, during Pacific Mutual's policy period, Helen Moss became totally disabled. Mrs. Moss was the dependent of a Petrocon employee and as such was insured under the terms of the Pacific Mutual policy. This disability continued until her death on October 4, 1981, and Pacific Mutual paid all her medical expenses during that time. From January 1, 1981, until her death in October, Mrs. Moss incurred medical expenses of $74,872.03. Pacific Mutual paid the 1981 medical expenses under protest, with the reservation that it would seek reimbursement for those sums from American Guaranty.

A diversity action ensued. The district court granted Pacific Mutual's motion for summary judgment and awarded it the $74,872.03 which it sought from American

Guaranty. The district court, in granting the motion for summary judgment, found no genuine issue as to any material fact and construed *California Insurance Code,* §§ 10128–10128.4 (West 1977),[1] to permit a prior carrier to terminate its extension of benefits to totally disabled insureds when replacement insurance becomes effective. This interpretation allowed the district court to conclude: (1) that the American Guaranty policy constituted replacement coverage as defined by the *Code* (*Cal.Ins. Code* § 10128.1(i)); (2) that the *Code* required American Guaranty to extend benefits to Helen Moss effective January 1, 1981, and barred it from denying those benefits on the basis that her disabling condition preexisted the effective date of the American Guaranty policy (*Cal.Ins.Code* § 10128.3(c)); and (3) that Pacific Mutual, having properly terminated its coverage (*Cal.Ins.Code* § 10128.2(d)), would be entitled to reimbursement of those sums expended in extending benefits to Mrs. Moss after January 1, 1981, the effective date of the replacement coverage.

## II. DISCUSSION

This court must affirm a summary judgment when, viewing the evidence in the light most favorable to the party opposing the judgment, there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Angel v. Seattle-First National Bank,* 653 F.2d 1293 (9th Cir.1981). In this action, the parties agree and the district court found that there are no facts in dispute. The sole issue on appeal is whether the district court properly interpreted California law.

■ Substantial deference will be accorded the district court's interpretation of the law of the state in which it sits. *Lewis v. Anderson,* 615 F.2d 778, 781 (9th Cir. 1979), *cert. denied,* 449 U.S. 869, 101 S.Ct. 206, 66 L.Ed.2d 89 (1980). Ordinarily, where there is no definitive guidance from the state courts, the district court's determi-

nation of state law will be accepted on review unless it appears to be clearly wrong. *In re Mistura, Inc.,* 705 F.2d 1496, 1497 (9th Cir.1983); *Takahashi v. Loomis Armored Car Service,* 625 F.2d 314, 316 (9th Cir.1980). We cannot conclude that the district court's interpretation of *California Insurance Code* §§ 10128–10128.4 is clearly wrong.

■ In interpreting the *Code,* the district court was guided by well-recognized principles of statutory construction. In the effort to implement legislative intent, the primary rule is to ascertain and give effect to the plain meaning of the language used. *Hughes Air Corp. v. Public Utilities Commission,* 644 F.2d 1334, 1337 (9th Cir.1981). The words of a statute must be construed in context and the statutes must be harmonized, both internally and with each other, to the extent possible. *Pacific Legal Foundation v. California Unemployment Insurance Appeals Board,* 29 Cal.3d 101, 172 Cal.Rptr. 194, 624 P.2d 244 (1981); *California Manufacturers Association v. Public Utilities Commission,* 24 Cal.3d 836, 157 Cal.Rptr. 676, 598 P.2d 836 (1979). Interpretative constructions of a statute which would render some words surplusage, defy common sense, or lead to mischief or absurdity are to be avoided. *California Manufacturers Association,* 157 Cal.Rptr. at 680, 598 P.2d at 840.

The district court complied with these accepted principles in making its determination: it ascertained and gave effect to the plain meaning of the language of the statute while acting in accord with the intent of the legislature. *Hughes Air Corp.,* 644 F.2d at 1337. American Guaranty argues that the California legislature intended to prevent totally disabled insureds from slipping through gaps in coverage when an employer replaces insurance carriers. The district court fulfilled that purpose by reading the *Code* provisions to extend benefits to those insureds who, like Mrs. Moss, might other-

---

1. At oral argument, counsel advised the court of certain amendments to the California Insurance Code §§ 10128–10128.4 that will become effective in 1984 and which may bear upon the issues we decide in this opinion. We construe only the statutory provisions presently in force and intimate no view as to meaning or effect of the amendments.

wise be cut off when prior coverage terminated. The district court looked to the clear language of *Cal.Ins.Code* § 10128.3(c) in holding that American Guaranty had no right to condition its replacement coverage to exclude those individuals, suffering from disabilities preexisting the effective date of the replacement policy, who were validly insured under the prior carrier. Note, this analysis assumes that the replacement policy meets the 60-day requirement set out in *Cal.Ins.Code* § 10128.3(a).

Additionally, the view taken by the district court gives full effect to the provisions of *Cal.Ins.Code* § 10128.2(d). This section requires prior carriers to provide a reasonable extension of benefits upon discontinuance of coverage where benefits have been provided for expenses relating to a condition causing total disability still in existence at the time of discontinuance. The section further provides that such an extension of benefits may be terminated at such time as the employee or dependent is no longer totally disabled or at such time as coverage for that individual becomes effective under a replacement policy *without limitation as to the disabling condition.*

This emphasized language provides a springboard from which American Guaranty argues that it should be permitted to condition its replacement coverage to avoid liability for those individuals suffering a total disability which preexists the effective date of replacement coverage. On the contrary, the effect of the district court's interpretation is to harmonize the various sections of the *Code;* by forbidding the replacement carrier from avoiding this liability in accord with section 10128.3(c), the district court's holding allows the prior carrier to terminate coverage as permitted by section 10128.2(d).

Additionally, the district court's construction leads to a reasonable, commonsense interpretation of the statute. *California Manufacturers Association,* 157 Cal.Rptr. at 680, 598 P.2d at 840. It is not reasonable to believe that the California legislature intended to create a direct conflict between its provision in section 10128.3(c) and the language "without limitation as to the disabling condition," appearing in section 10128.2(d). Common sense dictates that this language emphasizes the policy considerations inherent in permitting limited termination of the extended benefits provision and the requirement that certain replacement carriers provide benefits for those individuals whose disabilities preexist the effective date of replacement coverage.

The district court's interpretation provides for the needs of all disabled individuals validly covered under prior policies. Those individuals whose employers obtain replacement coverage will receive benefits under the new coverage and those whose employers do not obtain replacement coverage within the 60-day period will be extended benefits by their prior insurer for a period of up to 12 months.

## III. CONCLUSION

For the foregoing reasons, we

AFFIRM.