**The UNION CENTRAL LIFE INSURANCE COMPANY,**
**Plaintiff-Appellee,**

v.

**Pamela WERNICK,**
**Defendant-Appellant.**

**No. 84-6417.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 3, 1985.

Decided Nov. 29, 1985.

Martha G. Bannerman, Adams, Duque & Hazeltine, Los Angeles, Cal., for plaintiff-appellee.

Albert I. Kaufman, Encino, Cal., for defendant-appellant.

Before SNEED, NELSON, and NORRIS, Circuit Judges.

NORRIS, Circuit Judge:

Appellant Pamela Wernick has been totally disabled since she was injured in a horseback riding accident on August 2, 1981. At the time of the accident she was covered by a group medical policy issued to her employer, Shadur Levine & Associates (Shadur Levine), by Transamerica Occidental Life Insurance Company (Occidental). On September 1, 1981, the Occidental policy was discontinued. It was replaced by a group policy issued to Shadur Levine by Union Central Life Insurance Company (Union Central).[1]

For 12 months after the discontinuance of the Occidental policy, Occidental paid appellant benefits relating to her disabling condition. During this same period, which was also the first 12 months of Union Central's policy, Union Central did not provide benefits for appellant's disabling condition, but did cover medical expenses not related to her disabling condition. On September 1, 1982, both Occidental and Union Central terminated all benefits.

Union Central brought this diversity action seeking a declaratory judgment that it had no further liability for appellant's medical expenses. Appellant counterclaimed for her medical expenses after September 1, 1982. The district court granted Union Central's motion for summary judgment, holding (1) that California law did not require Union Central, as a replacement carrier, to provide benefits to appellant for a period longer than 12 months after its replacement policy became effective, and (2) that Union Central did not waive the provision of the policy entitling it to discontinue benefits after 12 months.[2] We affirm.

I

A summary judgment is reviewable *de novo*. *Nevada v. United States*, 731 F.2d 633, 635 (9th Cir.1984). A district court's interpretation of the law of the state in which it sits is also reviewable *de novo*. *In re McLinn*, 739 F.2d 1395, 1400 (9th Cir.1984) (en banc).

II

Union Central's replacement policy states that an employee is not eligible for coverage under the policy unless he or she was "actively at work" when the policy took effect. Appellant concedes that she was not actively at work on the effective date of the Union Central policy. She claims, however, that because she was totally disabled when Union Central's replacement policy took effect, California law requires Union Central to provide her with ongoing coverage. Appellant rests her claim upon Cal.Ins.Code § 10128.3, particularly subdivisions (a) and (c).[3] As Union Central ackow-

---

1. The Union Central policy provides that any person disabled at the effective date of the policy who was covered by a prior policy will be covered by the Union Central policy for the full amount of the prior policy, subtracting any amounts paid by the prior insurer under an extension of benefits. By the terms of the Union Central policy, this coverage extends 12 months or to the date on which the prior policy expires, whichever is less.

2. The district court had jurisdiction under 28 U.S.C. § 1332; this court has jurisdiction under 28 U.S.C. § 1291.

3. Section 10128 of the California Insurance Code provides:

   "(a) Any carrier providing replacement coverage with respect to hospital, medical or surgi-

cal expense benefits within a period of 60 days from the day of discontinuance of a prior policy providing such hospital, medical or surgical expense benefits shall immediately cover all employees and dependents who were validly covered under the previous policy at the date of discontinuance, are within the definitions of eligibility under the succeeding carrier's policy, and who would otherwise be eligible for coverage under the succeeding carrier's policy, regardless of any provisions of the policy relating to active full-time employment or hospital confinement or pregnancy.

   (b) ... Such employee or dependent shall continue to be covered by the succeeding carrier *until the earlier of the following dates:*

ledges, subdivision (a) requires it as the succeeding carrier to cover appellant because she was "validly covered under the previous policy at the date of discontinuance." The disputed issue, however, is the length of time the Insurance Code requires Union Central to continue coverage of appellant.

Appellant argues that subdivision (c) obligates Union Central to continue coverage beyond the first 12 months of the replacement policy, specifically citing the language that a replacement policy may not "reduce or exclude benefits on the basis that the condition giving rise to benefits preexisted the effective date of the succeeding carrier's policy." She contends that subdivision (c) is applicable because her disability preexisted the effective date of Union Central's policy.

Union Central argues in turn that subdivision (c) is inapplicable to an employee such as appellant who became totally disabled during the term of the prior policy. Union Central contends that the appellant's case is covered by subdivision (b)(2) because this provision explicitly applies to an employee such as appellant "who was totally disabled on the date of discontinuance of the prior carrier's policy." Union Central contends further that under subdivision (b)(2), it is not required to continue coverage to a totally disabled person beyond the date that Occidental as the prior carrier was required to extend appellant coverage under subdivision (d) of Cal.Ins.Code § 10128.2. Subdivision (d) requires the prior carrier to provide "a reasonable extension of benefits" upon discontinuance of its

> (1) the date coverage would terminate for an employee or dependent in accordance with the provisions of the succeeding carrier's policy, or
>
> (2) *In the case of an employee or dependent who was totally disabled* on the date of discontinuance of the prior carrier's policy and entitled to an extension of benefits pursuant to ... subdivision (d) of Section 10128.2, the *date the period of extension of benefits terminates* ...
>
> (c) No provision in a succeeding carrier's policy of replacement coverage which would operate to reduce or exclude benefits on the

policy "for covered expenses directly relating to the condition causing total disability" for a reasonable period of time, but in no event less than 12 months. Occidental's policy provided such an extension of coverage for the minimum of 12 months.[4]

The district court agreed with Union Central that subdivision (b)(2), not subdivision (c), applies in the case of a totally disabled employee, and that (b)(2) limits the period of time Union Central must provide appellant benefits to Occidental's 12-month extension of benefits. The district court reasoned that subdivision (b)(2), because it deals explicitly with the case of a totally disabled employee, prevails over the general language of subdivision (c). We agree. It is a fundamental rule of statutory construction that specific statutory language prevails over general provisions. *Monte Vista Lodge v. Guardian Life Insurance Company of America*, 384 F.2d 126 (9th Cir.1967) ("A specific statutory provision will govern even though general provisions, if standing alone, would include the same subject."), *cert. denied*, 390 U.S. 950, 88 S.Ct. 1041, 19 L.Ed.2d 1142 (1968).

Moreover, appellant's interpretation would render subdivision (b)(2), *supra*, superfluous. Subdivision (b)(2) limited the required replacement coverage to a minimum period of 12 months for "totally disabled" employees. If subdivision (c) were interpreted to require a succeeding carrier to provide coverage to totally disabled employees beyond the prior carrier's extension of benefits, the specific reference to the

> basis that the condition giving rise to benefits preexisted the effective date of the succeeding carrier's policy shall be applied with respect to those employees and dependents validly insured under the prior carrier's policy on the date of discontinuance."

4. Appellant correctly points out that the twelve month extension of coverage provided in subdivision (b)(2) is a minimum rather than a maximum period. This fact, however, does not permit a court arbitrarily to impose a longer extension of benefits. The twelve month period, not a longer period, was negotiated between appellant's employer, Shadur Levine and Occidental.

totally disabled employer in subdivision (b)(2) would be meaningless. This was recognized by the district court which refused to interpret the statute in such a manner as to diregard the specific language of subdivision (b)(2).[5] That analysis is in accord with both California law, see *California Mfrs. Ass'n v. Public Utilities Comm'n,* 24 Cal.3d 836, 844, 598 P.2d 836, 840–41, 57 Cal.Rptr. 676, 680–81 (1979), and Ninth Circuit precedent regarding statutory interpretation. *See United States v. Mehrmanesh,* 689 F.2d 822, 829 (1982).

Appellant contends that our interpretation of section 10128.3 has been foreclosed by *Pacific Mutual Life Insurance Company v. American Guaranty Life Insurance Company,* 722 F.2d 1498 (9th Cir.1984). In *Pacific Mutual* this Court upheld a summary judgment in favor of a prior carrier of group medical insurance that terminated benefits to a totally disabled insured after replacement insurance became effective. The district court had interpreted section 10128.3 to permit such termination and to require the succeeding carrier to provide coverage notwithstanding that the disability arose while the prior policy was in force.

*Pacific Mutual* does not govern this action. *Pacific Mutual* addresses only the duties of the replacement carrier at the time the policy is transferred. The extension of benefits at issue in that case was less than 12 months.[6] Accordingly, the court did not consider the duties of either carrier after the 12 month extension of benefits had elapsed.[7]

## III

■ Appellant also claims that, even if California law does not require a further extension of benefits by a succeeding carrier, an issue of material fact is raised by her claim that Union Central waived the "actively at work" condition in its group insurance policy. Appellant points to Union Central internal documents which she claims shows that Union Central waived the actively at work requirement, and to a letter from a Shadur Levine representative to Union Central which states that Union Central will cover appellant when the Occidental coverage terminates.

We reject this claim. The evidence viewed in a light most favorable to appellant is insufficient to establish a waiver. We agree with the district court that internal documents of Union Central relied upon by appellant were insufficient to establish a waiver since these internal documents were never communicated to Shadur Levine, or any of its employees. *See Sosin v. Richardson,* 210 Cal.App.2d 258, 264, 26 Cal. Rptr. 610 (1962) ("[a] condition is waived when a promisor by his own words or conduct justifies the promisee in believing that

---

**5.** We agree with the district court that "[c]onstruing the statute in this way gives effect to all parts of the statute. Section 10128(c) covers employees who are not 'totally disabled' and prevents the replacement carrier from imposing limitations on the basis of conditions already existing prior to the effective date of replacement insurance. Section 10128(b)(2) covers employees who are totally disabled and limits the obligation of the replacement insurer to cover such employees." (District Court Memorandum Decision at 9).

**6.** Appellant points to the possibility of a gap in coverage with the interpretation suggested above and *Pacific Mutual.* While *Pacific Mutual* permits the prior carrier to pass coverage onto the succeeding carrier, and Section 10128.3 appears to permit the succeeding carrier to terminate coverage after twelve months, no mention is made of the prior carrier's duty after the twelve month extension.

We need not resolve the issue of the prior carrier's liability following the twelve month period. Should the statute create such a gap, however, the insured's remedy will be found either in the legislature or through broader insurance coverage, undoubtedly purchased at a higher premium.

**7.** Also, the panel in *Pacific Mutual* affirmed the district court primarily because it could not characterize that court's interpretation of section 10128.3 as "clearly wrong." *Id.* at 1500. Thus, it does not represent an authoritative interpretation of California law binding upon this court. At the time the *Pacific Mutual* case was decided district court determinations of the law of the state in which it sits were upheld unless "clearly wrong." *See In re Mistura, Inc.,* 705 F.2d 1496, 1497 (9th Cir.1983). This court, however, sitting en banc overruled this line of cases in *In re McLinn,* 739 F.2d 1395, 1400 (9th Cir. 1984) (en banc), and held that all questions of state law are reviewable de novo.

a conditional promise will be performed ... and the promisee relies upon the promisor's manifestation to his substantial detriment.") Nor can a letter from a *Shadur Levine* representative raise a triable issue that Union Central waived any policy conditions. *Id.*

**AFFIRMED.**