In re The **PHOENIX GROUP,**
**INC., Debtor.**

**UNITED STATES of America,**
**Appellant,**

v.

The **PHOENIX GROUP, INC.,** Appellee.

**BAP AZ–85–1521–MeAsE.**
**Bankruptcy No. B–81–3030–PHX–RGM.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted June 20, 1986.

Decided Aug. 13, 1986.

Scott A. Harbottle, Dept. of Justice, Washington, D.C., for appellant.

Patricia Wendel, Lowell E. Rothschild, Mesch, Clark & Rothschild, P.C., Tucson, Ariz., for appellee.

Before MEYERS, ASHLAND and EL-LIOTT, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

This appeal raises the question of what filing fee is to be charged a debtor in possession for filing an adversary proceeding. The trial court held that the fee schedule limits such fees to the amount of money actually recovered by the debtor in possession. We REVERSE.

### II

### FACTS

In connection with its Chapter 11 proceeding, the debtor in possession, the Phoenix Group, Inc., filed 243 adversary proceedings seeking to recover approximately $200,000 in overdue accounts receivable. However, the Debtor recovered a total of $11,500 from these proceedings and netted only $9,200 after actual expenses. The Clerk of the Bankruptcy Court assessed the Debtor $14,580 in filing fees, $60 per adversary proceeding. Collection of these fees was deferred until after the completion of the adversaries. This was in accordance with the applicable provision in the *Guide to Judiciary Policies and Procedures* ("Bankruptcy Manual") which interprets the fee schedule.

The United States Justice Department, representing the Administrative Office of the United States Courts, contends that the payment of filing fees is governed by paragraph 7 of the fee schedule. "If a trustee in a case under Title 11 is the plaintiff, the fee shall be payable only from the estate and to the extent that there is any estate realized." The Justice Department claims that this section applies only to trustees because only the word "trustee" is used. Further, the Justice Department contends that under paragraph 7, even if nothing is collected, the estate is liable for fees to the extent there are any funds in the estate. Lastly, the Justice Department contends that these fees should have been collected at the time the adversary proceedings were filed.

The Debtor contends the fees herein are governed by the provisions of the Bankruptcy Manual. The Bankruptcy Manual provides that debtors in possession are to be treated the same as trustees. It also provides that the filing fee must be paid even if the trustee or debtor in possession is unsuccessful in obtaining the relief sought. Ignoring this provision, the Debtor contends that the Bankruptcy Manual and the schedule both limit the fees to the amount realized by the estate.

On November 7, 1985, the trial court held that the Debtor's liability was limited by the *net* amount collected as a result of the 243 complaints filed. Consequently, it found that $9,200 was the amount of the fees due.

### III.

### DISCUSSION

■ The payment of filing fees is governed by the schedule of fees adopted by

the Judicial Conference pursuant to 28 U.S.C. § 1930(b). Paragraph 7 of the fee schedule states if a trustee is the plaintiff, the fee shall be payable only from the estate and to the extent there is any estate realized. Under Section 1107 of the Bankruptcy Code ("Code"), a debtor in possession has all the rights of a trustee. Thus, the government's reliance on the Judicial Conference's failure to use the word "debtor in possession" is misplaced. Since the fee schedule was drafted after the Code took effect and under its authority, the drafters are presumed to be familiar with Section 1107. *See Pacific Mut. Life Ins. Co. v. Am. Guar. Life Ins.*, 722 F.2d 1498, 1500 (9th Cir.1984). Therefore, we find that under paragraph 7 of the fee schedule a debtor in possession must pay the filing fee only if there is any estate realized.[1]

The trial court read the words "any estate realized" as words of limitation which bar payment of the filing fee except from funds recovered in the adversary proceeding. In its order, the trial court held that filing fees for all 243 adversaries could be collected from the pool of funds created by the combined recoveries in all of the adversary proceedings. This interpretation is a logical attempt to resolve a problem for which there are no reported cases on point. However, this Panel is compelled to hold that it is the wrong solution.

■ The trial court ignored the Bankruptcy Manual's interpretation of the fee schedule. The Bankruptcy Manual was promulgated by the Administrative Office of the United States Courts to interpret the fee schedule. The regulations of the Judicial Conference of the United States and the Administrative Office of the United States Courts, as reflected in the Bankruptcy Manual, are entitled to great deference.

*In re Mullins*, 10 B.R. 346, 347 (9th Cir. BAP 1980); *Mesa Farm Company v. United States*, 475 F.2d 1004, 1007 (9th Cir. 1973).

■ The Bankruptcy Manual states that the prescribed filing fee must be paid even if the debtor in possession is unsuccessful in obtaining the relief sought, provided there are sufficient funds in the estate from which the payment can be made. Bankruptcy Manual, Chapter II, Part B, 3.g.(4). Thus, the words "realized by the estate" should be interpreted to mean realized from any source, not just from recoveries in adversary proceedings. Filing fees are treated as first priority administrative expenses under Section 507(a)(1) of the Code. As such, the filing fees must either be paid in full or pro rata with the other administrative expenses. *See United States v. Friendship College, Inc.*, 737 F.2d 430, 431 (4th Cir.1985)

The Bankruptcy Manual specifically authorizes the Clerk of the Bankruptcy Court to defer the payment of filing fees if the estate has insufficient funds on hand when the proceedings are instituted. Bankruptcy Manual, Chapter II, Part B, 3.g.(3). Thus, the Justice Department's contention that filing fees cannot be deferred is incorrect. Were it otherwise, many bankruptcy estates would be deprived of the ability to achieve the maximum realization on its assets solely because of the lack of funds necessary to initiate necessary adversary proceedings.

REVERSED.

---

1. The sentence in question specifically denies to the debtor in possession the "exemption granted to the debtor." The Justice Department hopefully contends that this makes Section 1107 inapplicable. However, the only exemption granted to the debtor in paragraph 7 is in the second sentence. If the debtor, acting as a debtor and not as a debtor in possession, is the plaintiff, no filing fee is required. This is outlined further in the Bankruptcy Manual, Chapter II, Part B, 3, g(3). Such a procedure is fully consistent with

the Code's policy of granting debtors a fresh start. *In re Devers*, 759 F.2d 751, 754–55 (9th Cir.1985). The primary instance in which a debtor would be the plaintiff in an adversary proceeding is to recover exempt assets for himself or other actions to forward the debtor's postpetition economic life. There is no exemption from filing fees for a debtor in possession—only the limitation that the fees are payable solely from the estate.