**In re James J. BRASSART, Debtor.**

**Jill Jacoway, Chapter 7
Trustee, Plaintiff**

v.

**James J. Brassart, Defendant.**

**Jill Jacoway, Chapter 7
Trustee, Plaintiff**

v.

**James J. Brassart et al., Defendants.**

**Jill Jacoway, Chapter 7 Trustee
et al., Plaintiffs**

v.

**James J. Brassart et al., Defendants.**

**Jill Jacoway, Chapter 7
Trustee, Plaintiff**

v.

**Cabela's Wholesale, Inc.
et al., Defendants.**

**Bankruptcy No. 5:11–bk–75430.**

**Adversary Nos. 5:12–ap–7079, 5:12–ap–7106, 5:13–ap–7103, 5:13–ap–7106.**

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Signed March 11, 2014.

Stanley V. Bond, Attorney at Law, Fayetteville, AR, for James J. Brassart.

Jill R. Jacoway, Jacoway Law Firm, Fayetteville, AR, pro se.

Bianca Rucker, Wright Lindsey & Jennings, LLP, Rogers, AR, for Plaintiff Jill R. Jacoway.

John Caldwell Fletcher, Ellington & Associates, Sugar Land, TX, for Defendants Christopher Davis, Eagle Creek Construction and Development, Inc., The Davico Group, LLC.

Tom C. Morris, III, TOM MORRIS & ASSOCIATES, Bella Vista, AR, for Defendants Mono Pro, LLC, Nancy Brassart.

Stanley V. Bond, Attorney at Law, Fayetteville, AR, for Defendant James J. Brassart.

Marshall S. Ney, Mitchell Williams Selig Gates & Woodyard, Rogers, AR, for Defendants Walker Colt, LLC, John Schmelzle.

William L. Breedlove, Winstein Kavensky & Cunningham, LLC, Rock Island, IL, for Defendant Bob Johnson.

Stephen Lance Cox, Cox, Cox & Estes, PLLC, Fayetteville, AR, for Defendants Sand Creek Engineering and Landscape Architecture, Inc., Timothy R. Sorey.

Harry A. Light, Friday, Eldrege & Clark, Little Rock, AR, for Defendant Cabela's Incorporated.

## ORDER DENYING TRUSTEE'S MOTION TO DEFER FILING FEES IN APs 5:13–ap–7103 AND 5:13–ap–7106 and ORDER TO PAY FILING FEES IN APs 5:12–ap–7079 AND 5:12–ap–7106

BEN BARRY, Bankruptcy Judge.

Before the Court is the *Trustee's Application to Defer Filing Fee for Adversary Proceeding* filed in adversary proceeding 5:13–ap–7103 on December 13, 2013, and *Trustee's Application to Defer Filing Fee for Adversary Proceeding* filed in adversary proceeding 5:13–ap–7106 on December 16, 2013. The Court held a hearing on both applications on January 8, 2014. These are not the first applications to defer filing fees the trustee has filed in the debtor's case. On July 16, 2012, and August 31, 2012, the trustee filed two additional applications to defer filing fees for two earlier adversary proceedings.

### BACKGROUND

On December 13, 2011, the debtor filed his voluntary petition for relief under chapter 7. Seven months later the trustee

filed two adversary proceedings against the debtor.[1] Shortly after filing the adversary proceedings, the trustee filed applications to defer the filing fee in both proceedings, stating in each application that "the [t]rustee has obtained inadequate funds to be able to pay the entire filing fee for the initiation of the ... adversary proceeding." On September 6, 2012, the Court granted both of the trustee's applications, stating in its order that the filing fee is deferred but will be paid "if and when funds become available." Between the Court's September 6, 2012 order granting deferral of the filing fees and the trustee's current applications to defer filing fees, the trustee entered into a settlement agreement with another party. The agreement provided for the sale of approximately 19 taxidermy mounts for $10,000.00, payable to the estate. The Court entered its order approving the sale on May 22, 2013.

The trustee filed the two most recent adversary proceedings on December 10, 2013, and December 12, 2013, respectively, and filed her applications to defer filing fees for both adversary proceedings short-ly after. The trustee stated in her applications to defer filing fees that her reason for deferral was that "the [t]rustee *may* have inadequate funds to be able to pay the entire filing fee." (Emphasis added.) The Court set the applications for hearing on January 8, 2014. At the hearing, the trustee appeared as a witness and testified that the estate presently has on hand $10,000.00 less bank fees of approximately $150.00.

## LAW AND ANALYSIS

The trustee relies on only one case in support of her application to defer filing fees: *United States v. Phoenix Group., Inc. (In re Phoenix Group.)*, 64 B.R. 527 (9th Cir. BAP 1986).[2] The trustee cites the case for the proposition that the filing fee is an administrative expense and must be paid "only if there is an estate realized." *Id.* at 529. The trustee argues that she will not know if there is an estate realized until the conclusion of all matters pending within the case. She also expressed concern that she may need some of the funds currently on hand to pay

---

**1.** On July 13, 2012, the trustee filed her first adversary proceeding—*Complaint Objecting to the Discharge of the Debtor* (AP No. 5:12–ap–7079)—against the debtor. On August 29, 2012, the trustee filed her second adversary proceeding—*Complaint for Turnover, to Avoid Fraudulent Transfers, to Disregard Entity Structure, and to Recover Fraudulently Transferred Property* (AP No. 5:12–ap–7106)—also against the debtor.

**2.** In its opinion, the *In re Phoenix Group* court referred to the Bankruptcy Manual, which was promulgated by the Administrative Office to interpret the bankruptcy fee schedule. *In re Phoenix Group*, 64 B.R. at 529. According to the Manual, deferral of filing fees is appropriate when there are insufficient funds in the debtor's estate. *Id.* Today the Bankruptcy Manual has been replaced with the Bankruptcy Fee Compendium, which addresses bankruptcy fees and provides guidance for the Bankruptcy Court Clerk. Part G of the Compendium addresses the fees for filing an adversary proceeding. According to this section, the court clerk must collect a filing fee in an adversary proceeding unless "the estate has no liquid funds to pay the [filing] fee." Bankruptcy Compendium G(1)(B)(3). Although the Bankruptcy Compendium is not a source of authority itself, the Court believes at least some deference should be given to this resource, as did *In re Phoenix Group* with its reference to the Bankruptcy Manual. 28 U.S.C. § 1930 and the Bankruptcy Court Miscellaneous Fee Schedule. Section 1930 addresses the fees that must be filed in a bankruptcy case. The Bankruptcy Court Miscellaneous Fee Schedule acts as a companion to 28 U.S.C. § 1930 and provides a list of fees that parties must pay to the bankruptcy court. Paragraph (6) of the Fee Schedule sets forth the fee to file a complaint:

expenses as the litigation progresses.[3]

Guidance for issues related to bankruptcy fees and the fee schedule comes from 28 U.S.C. § 1930 and the Bankruptcy Court Miscellaneous Fee Schedule. Section 1930 addresses the fees that must be filed in a bankruptcy case. The Bankruptcy Court Miscellaneous Fee Schedule acts as a companion to 28 U.S.C. § 1930 and provides a list of fees that parties must pay to the bankruptcy court. Paragraph (6) of the Fee Schedule sets forth the fee to file a complaint:

> For filing a complaint, $293, except:
>
> - If the trustee or debtor-in-possession files the complaint, the fee must be paid only by the estate, to the extent there is an estate.
> - This fee must not be charged if—
>   - the debtor is the plaintiff; or
>   - a child support creditor or representative files the complaint and submits the form required by § 304(g) of the Bankruptcy Reform Act of 1994.

The Court makes its decision today based on this unequivocal language. Under this section, the trustee must pay the filing fee "to the extent there is an estate." In this instance, the trustee testified that the estate has approximately $10,000.00. Thus, deferral of the filing fee is not warranted and the Court denies the trustee's applications filed in adversary proceedings 5:13–ap–7103 and 5:13–ap–7106. The Court orders the trustee to pay the filing fees in adversary proceedings 5:13–ap–7103 and

5:13–ap–7106 within seven days from the entry of this order.

Further, based on the trustee's testimony that the debtor's estate contained approximately $10,000.00, the Court finds that the previous deferrals of filing fees in adversary proceedings 5:12–ap–07079 and 5:12–ap–7106 are likewise no longer warranted. The Court's order deferring the filing fees directed the trustee to pay the filing fee "if and when funds become available." Funds are now available and the previously deferred filing fees must be paid. Accordingly, the Court also orders the trustee to pay the filing fees in adversary proceedings 5:12–ap–7079 and 5:12–ap–7106 within seven days from the entry of this order.

IT IS SO ORDERED

---

3. The Court acknowledges the trustee's attempt to have the best of both worlds. On one hand, the trustee does not want to pay administrative fees until the end of the case so that all administrative fees may be paid pro-rata if there are insufficient funds in the estate. On the other hand, the trustee wants to use these same funds to pay litigation expenses during the pendency of the proceedings. •There may be some authority for the

trustee's position. In *In re St. Joseph Cleaners, Inc.,* 346 B.R. 430 (Bankr.W.D.Mich. 2006), the court distinguished payments to professionals under §§ 330 and 331, which allow for the recovery of a previously made distribution, from the "ordinary course of business" payments—e.g., non-professional administrative claims—which are excepted from the § 726 distribution scheme and not subject to recovery. *Id.* at 439.