[No. 19402.   Department One.—July 17, 1894.]

WILLIAM GARMS, APPELLANT, *v.* HATTIE JENSEN
ET AL., RESPONDENTS.

MORTGAGE—PROVISION FOR TAXES ON INTEREST OF MORTGAGEE—CON-
STITUTIONAL PENALTY.—A provision in a mortgage attempting to au-
thorize the mortgagee, in the event of a foreclosure, to include in the
judgment the amount of taxes paid by him on his interest as mortgagee,
falls within the penalty of section 5 of article XIII of the constitution,
and prevents him from recovering either the taxes or any interest on the
note to secure which the mortgage was given, but not the principal sum
secured by the mortgage.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*J. Marion Brooks,* for Appellant.

The provision for the payment of the mortgage tax is in violation of the constitution, and the demurrer to the cross-complaint should have been sustained. (Const., art. XIII, sec. 5.)

*Willis & Kemp, F. R. Willis, J. M. Voss,* and *H. H. Appel,* for Respondents.

The demurrer is a general one, and conceding for the purpose of argument plaintiff's contention that by the terms of the mortgage it was brought within the inhibi-
tion of section 5 of article XIII of the constitution, the

demurrer was properly overruled, as in none of the cases in which this section has been construed has it been held that the insertion of the prohibited provision in a mortgage caused a forfeiture of any part of the principal sum secured by the mortgage.   (Const., art. XIII, sec. 5; *Marye* v. *Hart*, 76 Cal. 291; *Hewitt* v. *Dean*, 91 Cal. 5; *Harralson* v. *Barrett*, 99 Cal. 607.)

HARRISON, J.—The plaintiff seeks herein the foreclosure of a mortgage executed to him by the defendants Jensen, bearing date June 20, 1889, and made Mrs. Upton, one of the respondents herein, a party defendant, under the allegation that she claimed some interest in the premises, subject to the lien of the plaintiff's mortgage.   A cross-complaint was filed on behalf of Mrs. Upton, in which she alleged that the defendant Jensen had executed to her a mortgage upon the same premises on the tenth day of January, 1889, which was a lien thereon prior to that of the plaintiff, and asked a judgment for its foreclosure, and that out of the proceeds of sale the amount of her claim should be paid prior to that of the plaintiff.   To her cross-complaint was annexed a copy of the mortgage, which contained a provision that in case of foreclosure the mortgage " may include in such foreclosure a reasonable counsel fee, to be fixed by the court, together with all payments made by the mortgagee for taxes and assessments on said premises, *including taxes on the interest of the mortgagee therein by reason of this mortgage*, and for the insurance of the buildings on said premises, and for any adverse claims to the mortgaged property, all of which payments the mortgagee is hereby authorized to make, and the same, with interest thereon at the same rate as said promissory note, shall be deemed to be secured by this mortgage, and payable to the mortgagee in United States gold coin out of the proceeds of the sale under said foreclosure." The plaintiff filed a general demurrer to this cross-complaint, and his demurrer having been overruled, he filed an answer, in which he averred

that this provision contravened the provisions of the constitution and laws of this state, by reason of which his mortgage became a first lien upon the land. The court below held that the provision was not in violation of any provision of the constitution or laws of this state, and rendered a judgment in favor of Mrs. Upton for the full amount of the principal and interest upon the note for which the mortgage was given as security, and that her claim be first paid out of the proceeds from the sale of said property. From this judgment the plaintiff has appealed directly upon the judgment-roll alone.

The foregoing provision in the mortgage to Mrs. Upton does not differ materially from the provision in the mortgage which was under consideration in *Harralson v. Barrett*, 99 Cal. 607. In that case the provision with reference to the payment of the tax on the mortgage was almost identical in terms with the provision in the present mortgage, the agreement being that in case of foreclosure the mortgagee might include therein all payments made by him " for taxes on said premises and the taxes of this mortgage or the money hereby secured," and in the present case the agreement is that he may include in such foreclosure all payments made by him " for taxes and assessments on said premises, including taxes on the interest of the mortgagee therein by reason of this mortgage." It was held in that case that this provision in the mortgage fell within the penalty of section 5 of article XIII of the constitution, and that the plaintiff should not have been allowed any interest on the note for the payment of which the mortgage was given as security. Under the rule there established this provision in the mortgage to Mrs. Upton must be held to contravene the foregoing section of the constitution, and to be subject to the penalty therein provided. The constitution does not, however, declare that all of the provisions of the mortgage containing such agreement shall be invalid, but merely that the contract to pay the tax " shall as to any interest specified therein, and as to

such tax or assessment, be null and void." The mortgage of Mrs. Upton was, therefore, a prior lien upon the premises to the extent of the principal sum for which it.was given, but it was void " as to the interest specified therein"; and the court erred in holding that the amount of such interest was a lien upon the premises.

The proposition of the respondent that this provision of the constitution cannot be invoked against her by the plaintiff, for the reason that she does not seek to recover for any taxes paid by her upon the mortgage, cannot be maintained. Whether the mortgagee has paid the tax or not is immaterial. The constitution does not limit the penalty to an attempt by him to enforce the payment of the mortgage tax, but affixes it to the contract itself. Its object is to prevent the making of such an agreement, and not merely to prevent its enforcement; hence, it strikes at the agreement itself by providing that if made it shall be void, not only as to the tax agreed to be paid, but also as to any interest specified therein.

The court below is directed to modify the judgment by deducting therefrom the amount allowed for interest upon the principal sum for which the mortgage to Mrs. Upton was executed, and as so modified the judgment will stand affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.