[S. F. No. 13286. In Bank.—July 22, 1930.]

WESTERN STATES ACCEPTANCE CORPORATION (a Corporation), Appellant, v. FRANK D. TUTTLE, INC. (a Corporation), et al., Respondents.

Arnold C. Lackenbach for Appellant.

J. A. Bardin, W. C. Theile and J. T. Harrington for Respondents.

SHENK, J.—This is an appeal by the plaintiff from a judgment in its favor in the sum of $527.96.

The plaintiff filed a complaint to recover the balance due on a lease and conditional sale contract entered into by it with the defendant Frank D. Tuttle, covering a stock of Ford automobile parts. The total amount contracted to be paid by said defendant was $15,594.70 in ten monthly installments of $1559.47 each, upon which the plaintiff alleged a balance due and unpaid of $2,720.66. The plaintiff also alleged the transfer of the liability under the contract to Frank D. Tuttle, Inc.

The defendants by their answer set up what is conceded to be the true transaction between the parties, viz.: that the plaintiff loaned to the defendant Frank D. Tuttle the sum of $14,771.54, repayment of which was to be secured by a stock of Ford automobile parts, the purchase of which from other parties was then being negotiated by the defendant Frank D. Tuttle. The lease and conditional sale contract purported to be the security for the repayment of said sum, and the difference between the sum loaned and the principal sum of the contract is the amount charged as interest. The defendants also pleaded the defense of usury, and a counter-

claim for moneys laid out and expended, and for insurance, in the sum of $886.93.

The plaintiff subsequently filed its amended and supplemental complaint, alleging the transaction in its true form; and further that the plaintiff was unaware of the usurious rate of interest charged, but that the intention of all parties was and is that the maximum legal rate of interest should be charged and collected, and that the overcharge was the result of miscalculation, mistake and inadvertence. By its amended complaint the plaintiff sought judgment of reformation of the contract and for the balance due under the contract as reformed. By stipulation the answer to the original complaint was considered as an answer to the amended complaint, and the allegations thereof uncontroverted or denied by the answer were deemed to have been denied.

The trial court found the essential facts above stated and that there was no mistake or miscalculation in the computation of the interest by the plaintiff; that the interest was computed without the knowledge of the defendant Frank D. Tuttle; that the parties did not have in view or contemplate interest at the rate of twelve per cent or less; that the plaintiff intended to and did actually charge the defendant Frank D. Tuttle the amount of interest on the loan of $14,771.54 as provided in said contract, and that the rate of interest charged was usurious and contrary to law. (Stats. 1919, p. lxxxiii.) Judgment was ordered for the plaintiff in the sum of $1102.84, together with attorney fees of $110.28, less the sum of $685.16 found by the court to be due as credits from the plaintiff to the defendant Frank D. Tuttle on account of insurance commissions.

It is conceded by the appellant that the evidence on the question of mistake and intent is at least conflicting. The appellant nevertheless contends that the evidence does not support the findings. However, we find in the record no evidence of any mistake in the computation of the amount of interest and no evidence that the plaintiff did not intend to charge the amount of interest stated in the contract; but, on the contrary, that there is evidence that the plaintiff intended to and did, as found by the trial court, charge the amount of interest shown by the terms of the

contract. The contention of the appellant, is, therefore, without merit.

■ ·The appellant's next contention is that the defendant Frank D. Tuttle, Inc., the assignee of the borrower, may not avail itself of the defense of usury. The appellant relies mainly on *Zimmerman* v. *Boyd*, 97 Cal. App. 406 [275 Pac. 509], *Trusdell* v. *Dowden*, 47 N. J. Eq. 396 [20 Atl. 972], and Pomeroy's Equity Jurisprudence, fourth edition (1918), section 937, to the effect that the transferee of property who assumes as part of the purchase price or consideration the payment of an usurious debt, may not defeat the recovery of the interest on the ground of its usurious character. The reason for the rule makes it inapplicable under the present circumstances. Here it appears that the two defendants are indistinguishable, and not only does one represent the other, but one is the other. From the authorities relied on by the appellant it is apparent that the defendant corporation here is such a representative of and privy to the borrower as not to come within the rule invoked.

■ The contention of the appellant that of the amount allowed as a counterclaim the sum of $546.22 was erroneously included is likewise without merit. The contention is urged on the ground that the questioned amount represents a proportion of insurance commissions payable to the defendants pursuant to an agreement between them and the plaintiff, and that it was not shown that the defendants were licensed insurance brokers, as required by section 633a of the Political Code, or, relying on section 633 of the Political Code, that neither of the defendants was a duly licensed and appointed agent of Olds & Stoller Inter Exchange, of which the plaintiff was an agent, and with which the insurance involved was placed. Without deciding whether it was necessary for the defendants to show a license in conformity with sections 633 or 633a of the Political Code before a recovery of the insurance commissions could be maintained, it is sufficient to note that it sufficiently appears that the defendants were agents for Pacific Indemnity Company at the time the agreement was made and the insurance was so placed, and that the plaintiff was the agent of the Olds & Stoller Inter Exchange. Section 633b of the Political Code permits the payment by

the agent of one insurance company of commissions to the agent of another insurance company.

No other point requires comment.

The judgment is affirmed.

Richards, J., Seawell, J., Preston, J., Waste, C. J., Curtis, J., and Langdon, J., concurred.

Rehearing denied.

Curtis, J., Preston, J., and Langdon, J., dissented.