[S. F. No. 13346. In Bank.—May 1, 1931.]

CHARLES MARTIN, Appellant, v. MARY KUCHLER et al., Respondents.

Joseph A. Brown for Appellant.

Arthur H. Barendt for Respondents.

RICHARDS, J.—This action was commenced by the plaintiff to procure a judgment against the defendants decreeing that certain interest which the plaintiff had paid upon a promissory note executed by him to the defendant Mary Kuchler was usurious, and seeking credit upon the principal sum of said note for the amount of alleged usurious interest thus paid, and for such additional sum as plaintiff was entitled to have awarded him by virtue of the provisions of the Usury Act trebling the amount of interest usuriously charged and collected; and further seeking to have enjoined the foreclosure of a deed of trust given to secure said note and the interest thereon. The promissory note which formed the basis of the aforesaid action read as follows:

"No. 180491

"$10,000.00                    San Francisco, California,
                               "May 12th, 1924.

"One (1) year after date, for value received, I Charles Martin, single, promise to pay to Mary Kuchler, or order, at San Francisco, the sum of ten thousand ($10,000.00) dollars, in lawful money of the United States, with interest thereon from date until paid, at the rate of 12 per cent per annum, said interest payable monthly in advance in like lawful money, and if said interest is not paid as it becomes due it shall be added to the principal and become a part thereof, and thereafter bear interest at the same rate. And in case said interest or any part thereof, is not paid within 30 days after the same becomes due, then the whole of said principal sum shall forthwith become due and payable at the election of the holder of this note, without notice.

"This note is secured by Deed of Trust bearing even date herewith.

                               "CHARLES MARTIN,
                               "425 Chronicle Building."

Plaintiff alleged that he had paid upon said note, as interest thereon the sum of $100 per month each month in advance beginning with May 12, 1924, and continuing

down to and including the month of January, 1928, at which time the plaintiff ceased to make further payments of interest upon said note according to the terms thereof, and informed the holder thereof that the note was usurious, and thereafter commenced this action to have it declared that the transaction was in violation of the Usury Act (Stats. 1919, p. lxxxiii). The defendants appeared in response to said complaint, and while admitting the making and execution of the note and the payment on account of the interest thereof as alleged in the complaint, denied that the defendant Mary Kuchler, the payee of the obligation, knew that the note was usurious at the time of the making thereof or at any time prior to the date in February when she was so informed by the plaintiff, and denied that she ever intended to enter into a usurious transaction. The trial court undertook to admit and consider the evidence which the said defendant offered in support of her aforesaid denials, and to make findings based thereon to the effect that neither the plaintiff nor the defendant Mary Kuchler intended or believed or knew that said note was usurious, and that "up to about January, 1928, neither plaintiff nor the defendant Mary Kuchler intended or knew that the note was usurious or in violation of the Usury Act of the state of California by reason of the insertion therein of the provision that the interest was payable monthly in advance at the highest legal rate permitted under said act." As a conclusion of law based upon the foregoing finding of fact the trial court found that the plaintiff was indebted to the defendant Mary Kuchler in the sum of $10,000, with interest at seven per cent per annum from January 14, 1928, and that otherwise the relief sought by the plaintiff should be denied and the preliminary injunction restraining defendants from proceeding to foreclose said deed of trust should be dissolved. From the judgment of the court based upon the foregoing findings of fact and conclusions of law the plaintiff prosecutes this appeal.

■ That the transaction of which the plaintiff complains is and was at all time a usurious one under the provisions of the Usury Law of California (Stats. 1919, p. lxxxiii), and was therefore upon its face unlawful as to the rate of interest charged and collected thereunder, has been definitely decided by this court in the case of *Haines* v. *Commercial Mtg. Co.*, 200 Cal. 609, 615 [53 A. L. R. 725,

255 Pac. 805], and the cases which have followed that decision since the date of its rendition. There is no pretense that the parties to said transaction did not fully comprehend and know the terms and conditions of the promissory note which formed the basis of the transaction and did not under-stand that it contemplated by its express language the payment of interest at the rate of twelve per cent per annum payable monthly in advance upon the principal of the note, and that if said interest was not paid as it thus became due it was to be added to the principal and become a part thereof, and thereafter bear interest at the same rate. The usury law as interpreted by this court in the cases above referred to forbids the making and entering into such a transaction, declaring the same to be usurious, and imposes the penalty provided in said statute for the collection of interest according to the terms and conditions of such a transaction. ■ This being so the intent of both or either of the parties engaged in such a transaction is immaterial for the reason, if for none other, that it is a conclusive presumption under subdivision 1 of section 1962 of the Code of Civil Procedure that a malicious and guilty intent is presumed from the deliberate commission of an unlawful act. The cases upon which the respondents at the trial and upon this appeal rely to justify the action of the trial court in permitting evidence to be presented in support of the claim of the payee of the note that she did not intend to violate the law against usury do not support their insistence in that regard. The case of *Lamb* v. *Herndon,* 97 Cal. App. 193 [275 Pac. 503], upon which they chiefly rely is as to them a broken reed for the reason that in that case the transaction out of which the claim that it was a usurious one arose was not one involving the plain terms of a promissory note, but was a transaction arising out of certain real estate operations, the usurious nature of which was doubtful, and did not arise or appear upon the face thereof, and that for that reason, and that reason only, the appellate tribunal approved the action of the trial court in permitting the parties to give in evidence the surrounding circumstances of the transaction and the negotiations preceding it for the purpose of enabling the court to determine whether or not an intent to commit usury existed. We have approved that doctrine in later cases, but such cases have no ap-

plication to a case wherein the plain terms of a promissory note disclose unmistakably and upon the face thereof that the transaction as to the interest chargeable thereon violates the express provisions of the usury law. The cases cited by the respondents from other jurisdictions are in the main similar as to their facts to *Lamb* v. *Herndon, supra,* and, even if not so, cannot be given application to the plain terms of our California statute. To hold that parties to a transaction, plainly and clearly upon its face usurious, could be permitted to thus avoid the inhibitions of the statute and the penalties thereof would be to practically nullify the usury law.

The judgment is reversed.

Shenk, J., Waste, C. J., Preston, J., Curtis, J., Seawell, J., and Langdon, J., concurred.

Rehearing denied.

Seawell, J., Curtis, J., and Langdon, J., dissented.