[L. A. No. 13421.   In Bank.—December 14, 1934.]

RICHARD L. NORTH et al., as Receivers, etc., Appellants, v. CECIL B. DeMILLE PRODUCTIONS, INC. (a Corporation), Respondent.

56

Walter J. Little and W. Eugene Craven for Appellants.

Neil S. McCarthy, Earl L. Banta and Howard P. Hall for Respondent.

THOMPSON, J.—This action was commenced by the plaintiffs to recover from defendant usurious interest alleged to have been paid to it by the corporate plaintiff, and to collect treble. damages therefor. Richard L. North and J. Grover Kelley, prior to the commencement of this action, had been appointed receivers for their coplaintiff, which was insolvent, in an action pending in the United States District Court and had been authorized to maintain and prosecute this action. Both the receivers and the company are named as plaintiffs. The complaint is in four counts and alleges that between January 25, 1930, and November 6, 1930, the plaintiff corporation negotiated four different ninety-day loans from the defendant and transferred and conveyed to the defendant certain interests in leasehold estates for the use of the sums so borrowed for the period of ninety days. Each borrowing is made the subject of a different count, but in each case it is alleged "upon information and belief that the said property so conveyed to

said" defendant was, on the day the loan was made, of the value of $15,000, although the conveyance in each instance is alleged to have been of an interest in a different leasehold. There is no direct allegation to the effect that the parties intended to consummate an usurious transaction or that the defendant knew the value of the leasehold or royalty interests conveyed to it.

The defendant demurred to the complaint upon two grounds, as follows: (1) misjoinder of parties plaintiff for the reason that the receivers of the plaintiff corporation were joined with it in the action, and (2) that the complaint did not, nor did any of the counts, state a cause of action.

The demurrer was sustained with leave to amend. However, the receivers elected to stand upon their pleading and judgment was rendered dismissing them from the action. The appeal is prosecuted from this judgment. .

In support of the judgment the respondent asserts: (1) that there was a misjoinder of parties plaintiff, (2) that the allegations of value, being upon information and belief, are insufficient, and (3) that the complaint was defective for failing to directly allege an intent to enter into an usurious contract. Appellants, of course, insist that none of the contentions advanced by respondent are sound.

Considering them in the order named, it must be acknowledged, under the authority of *Scott* v. *Hollingsworth,* 215 Cal. 314 [9 Pac. (2d) 836, 82 A. L. R. 995], that appellants were proper parties plaintiff. That action involved a complaint to recover usurious interest and was brought by receivers of the Julian Petroleum Corporation. As here, judgment went for defendant upon the theory that the receivers were not proper parties. The holding of this court was to the contrary and the judgment was reversed. Respondent argues, however, that if the receivers were proper parties the corporate plaintiff was not. But this does not necessarily follow. With respect to the title of receivers and of the persons or corporations whose property is placed in the hands of receivers, we read in Clark on Receivers (2d ed.), volume 1, page 460: "A receiver *pendente lite* is a person appointed to take charge of the fund or property to which the receivership extends while

the case remains undecided. The title to the property is not changed by the appointment. The receiver acquires no title, but only the right of possession as the officer of the court. The title remains in those in whom it was vested when the appointment was made. The object of the appointment is to secure the property pending the litigation, so that it may be appropriated in accordance with the rights of the parties as they may be determined by the judgment of the action." And on page 463 of volume 1 of the same authority we find this language: "When a receiver *pendente lite* is appointed, the legal title remains in the individual or corporation whose property is placed in the hands of a receiver. However, the receiver has complete dominion over the property, subject to the orders of the court; he holds it for the benefit of others; he has possession. All the title, if any, which remains in the individual or corporation is merely the formal legal title which is held by it in trust for the receiver, which title it could be compelled by the court at any time to convey to the receiver for the purposes of the trust. The receiver must therefore have the equitable title because the court has imposed on the property an equitable trust. And this is a qualified equitable title because it is the subject of an interlocutory decree." Manifestly, therefore, both the receiver and the corporation are interested in the subject-matter of the action and, under section 378 of the Code of Civil Procedure, may be joined as parties, even though the participation of both may not be necessary, a point not here decided.

Nor do we think the complaint was vulnerable to the general demurrer because the value was alleged upon information and belief. It requires no argument to demonstrate the propriety of the allegation in so far as the appellants here are concerned. They came into the case long after the transactions were completed and must of necessity rely upon information furnished to them by others. In so far as the plaintiff corporation is concerned, the complaint was verified by the secretary. It may be that the secretary had no opinion concerning the value of the interests transferred except that which came from others, i. e., information furnished by others. Under such circumstances it would be improper to require a verification of an allegation which could not be made. Section 446 of the Code of

Civil Procedure was adopted for the express purpose of permitting an allegation to be verified upon information and belief rather than upon knowledge where the fact was not within the personal knowledge of the person sworn. In this connection it is not inappropriate to call attention to the fact that value, of the character of property here involved, is the subject of opinion rather than absolute knowledge—which is a further reason for the propriety of the form of the allegation.

We have left the question of whether it was essential to allege directly that defendant intended to consummate an usurious transaction. The allegations leave no doubt concerning the nature of the transaction, i. e., that it was a loan. And we have pointed out allegations to the effect that the property had a definite value on the day each loan was made and that the property was conveyed to the defendant for the use of the money borrowed. Had the complaint alleged the payment of $15,000 in money instead of in property no doubt would have existed with respect to the sufficiency of the allegation. (*Martin* v. *Kuchler,* 212 Cal. 536 [299 Pac. 52]; *Wood* v. *Angeles Mesa Land Co.,* 120 Cal. App. 313, 324, 325 [7 Pac. (2d) 748].) We see no reason for a different rule where the value of the thing transferred is sufficiently alleged.

In other words, the complaint makes the positive charge that the transactions were simple loans, hence, under the rule that the allegations stand admitted by the demurrer, if defendant exacted ''money, goods or things in action'' to employ the words of the usury law (Deering's Gen. Laws, 1931, p. 1908), in a ''greater sum'' or of a ''greater value'' than the permissible twelve per cent per annum it is guilty under the act of charging usurious interest. (*Martin* v. *Kuchler, supra.*) Those authorities which deal with transactions where it is doubtful whether the parties intended a loan, an exchange or some other agreement, are not in point under the allegations of this complaint. In the class of cases just referred to the intent of the parties becomes an important element, as it does in all instances where the contract is not usurious on its face. But here, if the value of the property conveyed to respondent was not sufficient to render the contract usurious or if there be other circumstances sufficient to take the contract as alleged out of the

condemned class, we must hold that such matter must be raised by answer as a defense to the complaint.

The judgment is reversed.

Shenk, J., Preston, J., Langdon, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.