**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>EMAD AZIZ MASOUD ALFAHEL and<br>LINA NADIM FAHEL,<br>　　　　　　Debtors. | BAP No. NC-22-1219-GFB<br><br>Bk. No. 1:16-bk-10436 |
| AIRPORT BUSINESS CENTER,<br>　　　　Appellant,<br>v.<br>EMAD AZIZ MASOUD ALFAHEL;<br>LINA NADIM FAHEL,<br>　　　　　　Appellees. | **OPINION** |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Charles D. Novak, Bankruptcy Judge, Presiding

APPEARANCES:

Douglas Provencher of Embolden Law PC argued for appellant; Cathleen Cooper Moran of Moran Law Group, Inc. argued for appellees.

Before: GAN, FARIS, and BRAND, Bankruptcy Judges.

GAN, Bankruptcy Judge:

## INTRODUCTION

Appellant and creditor, Airport Business Center ("ABC"), appeals the bankruptcy court's order avoiding its judicial lien, pursuant to § 522(f),[1] as impairing the exemption claimed by chapter 7 debtors Emad Aziz Masoud Alfahel and Lina Nadim Fahel ("Debtors") on their residence. ABC argues that Debtors were barred by laches and Civil Rule 41(a), made applicable by Rules 7041 and 9014(c), from filing a third motion to avoid the lien because they voluntarily withdrew two prior motions. ABC also argues that the court erred by including usurious interest in its computation of the total amount of liens under § 522(f)(2). ABC has not demonstrated reversible error. We AFFIRM.

## FACTS[2]

### A.    The bankruptcy case and prior § 522(f) motions

Debtors filed their chapter 7 petition in May 2016. They scheduled their home, which they valued at $630,000, and they claimed an exemption of $3,354 under the wildcard provision of California Code of Civil Procedure § 703.140(b)(5).

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, all "Civil Rule" references are to the Federal Rules of Civil Procedure, and all "LBR" references are to the Local Bankruptcy Rules for the Northern District of California.

[2] We exercise our discretion to take judicial notice of documents electronically filed in Debtors' bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Debtors listed three deeds of trust encumbering their residence, held by: (1) Quicken Loans in the amount of $312,264; (2) Skycrest Properties in the amount of $75,000; and (3) Osama Atallah in the amount of $250,000. Debtors also scheduled four judicial liens arising from judgments in favor of: (1) ABC in the amount of $241,460.47; (2) Asset Acceptance LLC in the amount of $2,146; (3) Ford Motor Company, LLC ("Ford") in the amount of $8,967; and (4) Parkway Plaza LLC, in the amount of $374,765.10.

Debtors received their discharge, and the court closed their no-asset case in August 2016. Later that year, Debtors filed a motion to reopen the case to file motions under § 522(f) to avoid the judicial liens.

In February 2017, Debtors filed motions to avoid each of the four judicial liens as impairing the exemption on their residence. ABC filed an objection, arguing that Debtors failed to support their motion with any evidence and requesting denial of the motion or an evidentiary hearing. In April 2017, Debtors withdrew the motion to avoid ABC's lien by filing a document titled "Withdrawal of Document."[3] In November 2017, the court again closed Debtors' case.

In May 2018, through new counsel, Debtors filed a second motion to reopen the case for the purpose of filing motions to avoid the judicial liens. Debtors stated that their prior counsel "suddenly, inexplicably, and for

---

[3] The Withdrawal of Document stated in its entirety: "Debtor's [sic] counsel of record . . . hereby withdraws the Motion to Avoid Judicial Lien and Application for an Order Avoiding Lien, filed as document #33." Debtors filed similar documents to withdraw their motions to avoid the other three judicial liens.

reasons unknown to Debtors" withdrew their prior § 522(f) motions. The court granted the motion to reopen with the condition that the case would automatically close if Debtors did not file motions to avoid the liens within 90 days.

A month later, Debtors filed new motions to avoid the four judicial liens. ABC again objected and requested an evidentiary hearing to establish the value of Debtor's residence, and to establish the validity and amounts of consensual liens. Ford also filed an objection, but neither Asset Acceptance, LLC nor Parkway Plaza, LLC responded, and Debtors obtained default orders avoiding their liens.

Over a year later, the bankruptcy court issued an order requiring Debtors to show cause why their pending motions to avoid the judicial liens held by ABC and Ford should not be denied for lack of prosecution. In response, Debtors stated they had successfully negotiated a settlement with Ford and were in the process of negotiating with ABC. The bankruptcy court set an evidentiary hearing and entered a scheduling order setting discovery and disclosure deadlines.

In January 2020, ABC served Debtors with written requests for admission. Prior to the deadline to respond, Debtors withdrew both motions to avoid the liens.[4]

---

[4] The notice of withdrawal of the motion to avoid ABC's lien stated: "Debtors, Emad Alfahel and Nin Fahel, hereby withdraw their Motion to Avoid Judicial Lien of Airport Business Center, filed on June 19, 2018, Docket No. 53."

A week later, ABC filed a request to vacate the evidentiary hearing based on Debtors' withdrawal of the motion. The bankruptcy court vacated the hearing, and it closed the bankruptcy case in July 2020.

## B. The third § 522(f) motion and ABC's motion to deem admissions binding

In April 2021, once again with new counsel, Debtors filed a third motion to reopen the case to file motions to avoid the two remaining judicial liens. They stated that the contested matter involving ABC's lien "was never adjudicated because Debtors' relationship with their then counsel disintegrated." The bankruptcy court granted the motion on the condition that, if Debtors took no action within 30 days, the case would be closed without further notice or hearing.

In June 2021, Debtor filed a third motion to avoid ABC's judicial lien under § 522(f) claiming that the amount of the consensual liens exceeded the value of the residence and thus, ABC's lien should be avoided. ABC objected and argued that, based on Debtors' failure to respond to written requests for admission in January 2021, they should be deemed to admit the requests, including that the Atallah deed of trust was not valid. ABC also requested an evidentiary hearing to establish the value of the residence and the validity and amounts of consensual liens.

ABC subsequently filed a "Motion to Deem Admissions Binding on Debtors" in which it argued that Debtors should be barred by the "two-dismissal rule" of Civil Rule 41(a)(1)(B) from filing a third motion to avoid

ABC's judicial lien. ABC reasoned that because Debtors had filed and withdrawn two prior motions asserting the same claim, the second withdrawal operated as an adjudication on the merits. Alternatively, it argued that because Debtors were asserting the same claim, the prior requests for admission should be applied to the third motion and the court should deem them admitted based on Debtors' failure to respond.

In opposition, Debtors argued that the earlier action was dismissed prior to the deadline to respond, and Debtors had no obligation to respond to discovery requests after dismissal of the contested matter. Debtors' attorney filed a declaration stating that she inquired of Debtors' prior attorney about any discussions regarding the effect of the second dismissal but received no reply. Alfahel filed a declaration stating he had no knowledge that their first attorney withdrew the first motion, and he was advised by their second attorney to withdraw the second motion because they would not prevail, and it would be better to withdraw than to lose at trial. Alfahel said that Debtors' second attorney did not discuss the possible consequences of dismissing the second action, and he would not have agreed to dismiss had he known that doing so might constitute a bar to filing a third motion.

In January, the bankruptcy court held a continued hearing on Debtors' motion to avoid the lien and on ABC's motion to deem admissions binding on Debtors. The court held that Debtors' first withdrawal was not an effective dismissal under Civil Rule 41(a) because

6

ABC's objection was equivalent to an answer and thus, dismissal required a stipulation. However, the court reasoned that the second withdrawal was an effective dismissal because, although Debtors again filed a unilateral withdrawal, ABC's subsequent motion to vacate the evidentiary hearing essentially operated as a stipulation to dismiss. The bankruptcy court denied ABC's request to dismiss the third motion under the two-dismissal rule because there was only one effective prior dismissal.

Turning to the question of whether Debtors should be deemed to admit the requests for admission, the court held that the contested matter was dismissed prior to Debtors' response deadline and, consequently, the discovery requests were moot. The court entered an order denying ABC's motion, and it set an evidentiary hearing to establish the validity and amounts of consensual liens.

## C.     The evidentiary hearing and the court's ruling

Prior to the hearing, the parties agreed on the value of Debtors' residence and the amount of their exemption, so the only evidentiary issue was the validity and amount of the Atallah lien. ABC argued that the Atallah promissory note was fraudulent because he never loaned money to Debtors. If the note was valid, ABC contended it was not enforceable in the amount of $250,000 because it included unlawful usurious interest.

Debtors presented evidence that Alfahel and Atallah met in the 1980s when they worked in the same restaurant. In 2012, Alfahel's restaurant business was struggling and Atallah offered to help by directly paying

7

several of Debtors' bills.[5] Between January 2012 and February 2013, Atallah used his credit card to pay approximately $153,000 of Alfahel's bills. In return, Alfahel gave him ten separate promissory notes, each of which provided that if payment was not made within 30 days, the principal would accrue interest at 5% and Alfahel would pay the interest incurred by Atallah.

Alfahel testified that in February 2013, he and Atallah agreed to consolidate the debts into a single promissory note, secured by a deed of trust on Debtors' residence. The consolidated note was for a principal amount of $200,000, consisting of the amounts advanced by Atallah under the ten promissory notes plus $9,523.33 for interest under those notes and $36,864.99 for credit card interest. The consolidated promissory note provided for interest of $10,000 per year for five years and repayment of principal and interest in the total amount of $250,000, due February 2018. Alfahel testified that he did not make any payments to Atallah.

After considering post-trial briefs on the usury argument, the court entered a written order avoiding ABC's judicial lien. The court determined that, although neither Debtors nor Atallah could provide documentation of the bills paid by Atallah, their testimony was credible. The bankruptcy court held that ABC lacked standing to assert usury because it is an affirmative defense which may be raised only by the borrowers or their

---

[5] Atallah testified that he paid bills directly rather than loaning cash because of Alfahel's admitted gambling problem.

representatives. Finally, the court reasoned that laches required both a lack of diligence by Debtors and prejudice to ABC, neither of which ABC demonstrated.

ABC filed a motion to alter or amend the order, pursuant to Rules 7052 and 9023, and argued that because the Atallah note provided for interest at $10,000 per year, only $32,500 would have accrued from February 2013 through the petition date in May 2016. Consequently, after deducting all consensual liens and Debtors' exemption from the property's value, $11,882 of ABC's lien should remain. The court agreed and, after calculating daily interest, entered an amended order avoiding all but $11,779.26 of ABC's lien. ABC timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(K). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err by holding the two-dismissal rule inapplicable?

Did the bankruptcy court err in calculating the amount of the Atallah lien under § 522(f)(2)?

Did the bankruptcy court abuse its discretion by denying ABC's laches defense?

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's application of Civil Rule 41(a)(1)(B). *Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 725 (9th Cir. 1991). ABC does not dispute the material facts; thus, whether its judicial lien is avoidable under § 522(f) is a question of law we review de novo. *McCoy v. Kuiken (In re Kuiken)*, 484 B.R. 766, 769 (9th Cir. BAP 2013). Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review the application of laches for abuse of discretion. *Beaty v. Selinger (In re Beaty)*, 306 F.3d 914, 920-21 (9th Cir. 2002). A court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com, Inc. v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

ABC makes three arguments on appeal: (1) Debtors should be barred by Civil Rule 41(a)(1)(B) from filing their third motion to avoid the judicial lien; (2) the bankruptcy court erred by allowing usurious interest in computing the total value on liens under § 522(f)(2); and (3) the bankruptcy court should have applied the doctrine of laches to deny Debtors' motion.

**A.** **The bankruptcy court did not err by holding Civil Rule 41(a)(1)(B) inapplicable.**

**1.** **Law governing Civil Rule 41(a)(1)**

Rule 4003(d) provides that Rule 9014 governs a proceeding to avoid a lien under § 522(f). Rule 9014 generally governs "contested matters" in bankruptcy cases. Rule 9014(c) provides that Rule 7041 applies to such a proceeding. Rule 7041 largely incorporates Civil Rule 41 (with an exception that does not apply here).[6]

Civil Rule 41(a)(1)(A) provides that, subject to rules inapplicable here, a plaintiff can voluntarily dismiss an action without a court order by filing: "(i) a notice of dismissal before the opposing party serves either an answer or motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."

Because the rule does not prescribe the precise form of a notice of dismissal, a plaintiff's designation of the notice as a "request for dismissal" or "request to withdraw" is sufficient if the intent is clear and the plaintiff does not invite any action by the court. *See* 8 James W. Moore, MOORE'S FEDERAL PRACTICE § 41.33[4][b] (3d ed. 2022). Dismissal under Civil Rule 41(a)(1)(A) is effective on filing; no court order is required, and the parties

---

[6] Bankruptcy courts have discretion to limit the application of rules incorporated by Rule 9014(c). Rule 9014(c) requires the court to give the parties notice of any such order limiting or altering application of rules under Rule 9014(c) and "afford them a reasonable opportunity to comply with the procedures prescribed by the order." The bankruptcy court did not exclude application of Rule 7041 to this contested matter.

are left as though no action had been brought. *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999).

Civil Rule 41(a)(1)(B) provides that voluntary dismissals are without prejudice unless the notice or stipulation states otherwise, "[b]ut if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Thus, the effect of a unilateral dismissal by notice depends on whether the plaintiff has previously dismissed an action involving the same claims. If so, the second dismissal is "on the merits," which is equivalent to dismissal with prejudice. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001).

## 2. The two-dismissal rule did not apply because Debtors' purported withdrawal was not an effective dismissal under the rule.

Applying Civil Rule 41 to a contested matter in bankruptcy is challenging because the effect of a dismissal under that rule turns on whether an "answer" was filed, but Rule 9014 does not require the filing of a document called an "answer" in a contested matter.[7]

The bankruptcy court determined that the two-dismissal rule was inapplicable because the first motion was never properly dismissed. The court reasoned that ABC's objection to the first motion was analogous to an

---

[7] Rule 7012 requires an answer in an adversary proceeding, but Rule 9014(c) does not make Rule 7012 applicable to contested matters.

"answer" for purposes of Civil Rule 41(a)(1)(A), and thus, Debtors could not unilaterally dismiss by notice. ABC agrees that its response was equivalent to an answer for purposes of the rule, but nevertheless argues we should adopt a "practical approach" to bar Debtors from filing the third motion because the purpose of the two-dismissal rule is to prevent parties from repeatedly asserting the same claims.

The fundamental flaw in ABC's argument is that, if the first motion was not effectively dismissed, the contested matter remained pending. The two-dismissal rule plainly provides that a notice of dismissal operates as an adjudication on the merits if the plaintiff "previously dismissed any federal- or state-court action based on or including the same claim." And "[w]e give the Federal Rules of Civil Procedure their plain meaning . . . ." *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 123 (1989). Thus, the crucial question is whether Debtors' notice of withdrawal was an effective dismissal of the contested matter.

In the context of contested matters, a response or objection to a motion for relief constitutes an "answer" for purposes of Civil Rule 41(a). *See Quicken Loans, Inc. v. Winnecour (In re Dworek)*, 589 B.R. 267, 272 (Bankr. W.D. Pa. 2018); *In re Delima*, 561 B.R. 660, 661 (Bankr. E.D. Va. 2016); *In re Mocella*, 540 B.R. 342, 343 (Bankr. N.D. Ohio 2015). Unlike federal civil litigation or adversary proceedings, contested matters are not initiated by complaint, but by motion. Fed. R. Bankr. P. 9014(a). In contested matters, a party against whom relief is sought does not file an "answer to a

13

complaint." Instead, the party files and serves a "written response."[8] *See* Fed. R. Bankr. P. 9014(b) (describing service requirements for any written response to the motion). A response or objection serves the same purpose as an answer to a complaint: it puts the merits of the dispute in contention.[9]

Because ABC filed an "answer" to the first motion, Debtors' subsequent withdrawal did not constitute a dismissal by notice under Civil Rule 41(a)(1)(A). Accordingly, pursuant to Civil Rule 41(a), the proceeding could be dismissed only by stipulation signed by all parties who had appeared or by court order at Debtors' request—neither of which occurred.

Though we may similarly question the validity of the second withdrawal,[10] we need not decide the issue because the first withdrawal was not an effective dismissal. Consequently, even if the second

---

[8] Although Rule 9014(a) states that "no response is required under this rule unless the court directs otherwise," LBR 9014-1(b) requires an opposing party to file a written objection and request for hearing and provides that a movant may obtain relief without a hearing upon proof of service and a declaration of no objection.

[9] Rule 9014 as originally promulgated provides further support that "answer," as applied in contested matters, includes "response." Prior to a stylistic amendment in 2002, the rule included the provision: "No response is required under this rule unless the court orders an answer to a motion," which demonstrates that "response" and "answer to a motion" were considered synonymous in contested matters. *See* Fed. R. Bankr. P. 9014 (2001); Fed. R. Bankr. P. 9014 adv. comm. notes to 2002 amendments.

[10] The bankruptcy court held that ABC's request to vacate the evidentiary hearing, in conjunction with Debtors' withdrawal, was sufficient to operate as a stipulation. The record does not indicate that ABC stipulated to dismiss the underlying proceeding, only that it agreed to vacate the hearing. *See Carter v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186, 1191 (9th Cir. 1989) (reversing dismissal because written stipulation asked that the pretrial conference and trial date be vacated, not that the action be dismissed).

withdrawal were effective, the two-dismissal rule was not satisfied, and the bankruptcy court did not err by denying ABC's request to dismiss the action based on the rule.[11]

## B. The bankruptcy court did not err by avoiding the ABC lien as impairing Debtors' exemption.

### 1. Law governing avoidance of judicial liens

Section 522(f) permits a debtor to avoid a judicial lien to the extent it impairs an exemption.[12] To avoid a lien under § 522(f) a debtor must prove:

---

[11] Despite the ineffectiveness of Debtors' notice of withdrawal, it is apparent from the record that the parties and the court treated the withdrawal as though it were an effective dismissal of the contested matter. Throughout the case, Debtors referred to the notices of withdrawal as dismissals and argued that the requests for admission were mooted by dismissal. ABC never questioned whether the matter was dismissed, and the bankruptcy court apparently viewed the matter as dismissed when it instructed Debtors to file new motions to avoid the judicial liens upon reopening the case. In ruling that the two-dismissal rule was inapplicable, the bankruptcy court opined: "the lesson to be learned . . . by all parties, including the Court, is that if a party withdraws a motion after an objection or a response has been filed, someone should raise the issue . . . is this a dismissal or not, because . . . it just kind of disappears."

We agree with the bankruptcy court that either party could have requested a clarification from the court as to whether the withdrawals were effective dismissals, but the resulting confusion could have been avoided from the outset with a clear procedure for dismissing contested matters. For example, the Bankruptcy Court for the Central District of California has adopted Local Rule 9013-1(k), which requires movants in contested matters, in addition to complying with Civil Rule 41(a), to notify the court if a voluntary dismissal or stipulation for dismissal of a contested matter has been filed. *See also Cent. Dist. Cal. Local Bankruptcy Form* 9013-1.5 (indicating either voluntary dismissal before a response, or dismissal by stipulation, and providing clear notice that the contested matter is dismissed pursuant to Rule 9014(c)). Such a procedure puts all parties and the court on notice of the basis and effect of an action purporting to dismiss a contested matter.

[12] Section 522(f)(1) provides in pertinent part: "the debtor may avoid the fixing of

15

"(1) there was a fixing of a lien on an interest of the debtor in property; (2) such lien impairs an exemption to which the debtor would have been entitled; and (3) such lien is a judicial lien." *Culver, LLC v. Chiu (In re Chiu)*, 304 F.3d 905, 908 (9th Cir. 2002) (cleaned up).

As we have noted, Rule 4003(d) provides that a debtor's request to avoid a judicial lien under § 522(f) "shall be commenced by motion in the manner provided by Rule 9014 . . . ." Rule 4003(d) does not establish a deadline for filing such motion, and Debtors are permitted to reopen a bankruptcy case to avoid judicial liens. *See ITT Fin. Servs. v. Ricks (In re Ricks)*, 89 B.R. 73, 75 (9th Cir. BAP 1988). Bankruptcy courts determine a debtor's lien avoidance rights as of the petition date. *Goswami v. MTC Distrib. (In re Goswami)*, 304 B.R. 386, 392 (9th Cir. BAP 2003).

The method for determining impairment is provided by § 522(f)(2):

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
> > (i) the lien;
> > (ii) all other liens on the property; and
> > (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

---

a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(A) a judicial lien . . . ."

16

**2.  The bankruptcy court did not err by including interest on the Atallah note for purposes of impairment.**

On appeal, ABC concedes that it lacked standing to assert usury. But it argues that because Debtors had the burden of proving the validity and amount of the Atallah lien, the court should not have accepted their calculations which included "obviously usurious interest."

After considering evidence at the hearing, the bankruptcy court concluded that the Atallah note was valid, and Debtors had not made any payments under the note. ABC does not contest the court's factual findings. Consequently, to determine the amount of "other liens on the property" under § 522(f)(2), the court had to include the amount of the contractual debt secured by the Atallah deed of trust. In arriving at the amount of the lien as of the petition date, the bankruptcy court independently calculated the accrued interest under the terms of the contract.

Despite its claim to the contrary, ABC is attempting to assert usury by suggesting that the court was required to deduct unenforceable interest. But as the bankruptcy court held, usury is a waivable, affirmative defense that can be raised only by the borrower or representative of the borrower. *See Matthews v. Ormerd,* 140 Cal. 578 (1903); *Roes v. Wong,* 69 Cal. App. 4th 375, 378-80 (1999) (holding that junior lienholder lacks standing to assert usury). ABC lacked standing to assert usury, and the bankruptcy court did not err by including contractual interest in its calculation of liens under § 522(f)(2).

17

### 3. The bankruptcy court did not abuse its discretion by refusing to deny Debtors' motion under the doctrine of laches.

The defense of laches requires a defendant to "show extraordinary circumstances and set forth a compelling reason why the action should be barred." *In re Beaty*, 306 F.3d at 928. The party asserting laches must prove: (1) a lack of diligence by the opposing party; and (2) prejudice to the party asserting the defense. *Id.* at 926. The first element requires the court to examine the length of the delay and the circumstances surrounding the delay. *Id.* at 927. Mere delay alone does not establish laches, and the defense "must in every case depend on the peculiar equitable circumstances of that case." *Id.* (quoting *Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800, 805-06 (8th Cir. 1979)). The second element requires a "particularized showing of prejudice" arising from the delay. *Id.* at 927-28. Generic claims of prejudice do not suffice. *Id.* at 928.

The bankruptcy court held that, under the facts of the case, Debtors' delay did not establish a lack of diligence and ABC did not make a particularized showing of prejudice. On appeal, ABC does not articulate how the bankruptcy court abused its discretion, and it does not identify a particularized showing of prejudice. Instead, it suggests that a five-year delay and three separate motions is "per se prejudicial" and shows a lack of diligence.

There is no fixed period after which a delay is per se prejudicial. *Id.* at 927. Laches is an equitable doctrine that depends "on a close evaluation of

18

all the particular facts in a case." *Id.* at 928 (quoting *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000). The bankruptcy court did not abuse its discretion by denying ABC's laches defense.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's judgment avoiding ABC's judicial lien to the extent it impaired Debtors' exemption.